MARGARET A. SNYDER v. CORDELIA INGALLS and Another.[1]

November 5, 1897.

Nos. 10,792—(71).

**Taxes—Notice of Expiration of Time to Redeem—Description.**
A notice of the expiration of the time of redemption from a tax sale contained three different tracts of land, which were all assessed to the same persons, sold to the same purchaser at the same tax sale, and were separately and distinctly described in the notice, with date of sale, amount sold for, interest and the amount required to redeem set opposite each tract. The notice was so worded that the owner might redeem one or more or all of the tracts. *Held*, that the notice was not invalid because it included more than one tract.

**Same—Names.**
Certain land was assessed, at the time of issuing a notice of the expiration of redemption, in the name of "Anna S. Howard and C. Ingalls." The notice was directed to "Anna S. Howard and Cordelia Ingalls," and personally served on them. C. and Cordelia Ingalls were one and the same person. *Held*, that such notice was directed and service thereof made in compliance with the statute.

Appeal by plaintiff from a judgment of the district court for Chisago county, entered pursuant to the findings of Williston, J. Affirmed.

*J. F. Fitzpatrick,* for appellant.
The notice for one undivided half is invalid because it includes several parcels in one notice. The law expressly says (G. S. 1894, § 1593) that a separate certificate must be issued for each parcel sold, and section 1654 provides that such certificate shall be presented to the county auditor and that a notice be issued upon each certificate. The notice must be directed to the party in whose name the property is assessed. Western v. McComber, 41 Minn. 20; Wakefield v. Day, 41 Minn. 344; Mitchell v. McFarland, 47 Minn. 535; Sperry v. Goodwin, 44 Minn. 207; Eide v. Clarke, 57 Minn. 397. See Hillyer v. Farneman, 65 Iowa, 228; Lynn v. Morse, 76 Iowa, 665;

[1] Reported in 72 N. W. 807.

672; Cornoy v. Wetmore, 92 Iowa, 100; Wilson v. Russell, 73 Iowa, 395; American v. Crooks, 97 Iowa, 244.

*P. H. Stolberg,* for respondents.

There is nothing in G. S. 1894, § 1654, which requires a notice of redemption to be issued upon each tax certificate. The notices were single as to purchasers and the persons in whose names the lands were assessed, and the notice complies with the statute. Jenswold v. Doran, 77 Iowa, 692; Wade v. Drexel, 60 Minn. 164.

START, C. J.

This action was brought under the statute to determine the defendants' tax title to the N. ½ of the S. W. ¼, section 28, town 35, range 20. Judgment for defendants, from which the plaintiff appealed.

The tax sales under which the defendants claimed title were made September 15, 1884, and the notices of the expiration of redemption were issued November 22, 1894. The tax judgment and sales are conceded to be valid, but the plaintiff claims that the notices of redemption were void. The tax sales were made, one of the undivided half of the quarter section, then assessed to Anna S. Howard, and one of another undivided half of the same quarter section, then assessed to E. C. Ingalls and Cordelia Ingalls. Both sales were made separately, on the same day, to the defendant Cordelia Ingalls. There was nothing in the record to distinguish the two undivided halves of the quarter, but by virtue of the two sales the entire quarter was sold to the defendant Cordelia. The plaintiff claimed to own the north half of the quarter. Two separate notices of redemption were issued, and personally served. When the notices were issued the whole quarter section was assessed, as the trial court found, in the name of the defendant and Anna S. Howard, their names standing on the assessment rolls thus: "Anna S. Howard and C. Ingalls." One of the notices of redemption was as follows:

## NOTICE OF EXPIRATION OF REDEMPTION.

| In Whose Name Assessed. | Subdivision of Section, Lot or Block. | Sec. | Town. | Range. | No. of Acres. | Year Tax Levied. | Date of Judgment. Mon. Day. Y'r. | When Sold. Mon. Day. Y'r. | Amount Sold for. $ Cts. | Interest, Penalty and Costs. $ Cts. | Tot'l Am't Required to Redeem. $ Cts. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Anna S. Howard & Cordelia Ingalls | Und'd ½ of N. ½ N. W. ¼.... | 33 | 35 | 20 | 40 | 1883 | Aug. 11, 1884. | Sept. 15, 1884. | 3 08 | 5 64 | 8 72 |
| Anna S. Howard & Cordelia Ingalls | Und'd ½ of S. E. ¼ of N. W. ¼ | 33 | 35 | 20 | 20 | 1883 | Aug. 11, 1884. | Sept. 15, 1884. | 1 61 | 2 95 | 4 56 |
| Anna S. Howard & Cordelia Ingalls | Und'd ½ of S. W. ¼......... | 28 | 35 | 20 | 80 | 1883 | Aug. 11, 1884. | Sept. 15, 1884. | 5 99 | 10 96 | 16 95 |

OFFICE OF COUNTY AUDITOR.

Chisago County, Minnesota.

To ANNA S. HOWARD AND CORDELIA INGALLS:

You are hereby notified that, pursuant to tax judgment entered in the district court in the County of Chisago, State of Minnesota, as above stated, the land herein above described, assessed in your name, was sold for tax as above stated, and that the time of redemption from said sale allowed by law will expire within sixty (60) days after service of this notice and proof thereof has been filed. In addition to the amount above stated as necessary to redeem from said sale, the cost of service of this notice must be paid, together with such interest as may accrue from and after this date. Witness my hand and official seal at Centre City, in said county of Chisago, this 22d day of November, 1894.

J. P. NORD,
County Auditor.

[Official Seal.]

The other one was exactly like the first, except that it described only the other undivided one-half of the quarter section, with the date of judgment when sold, the amount sold for, interest and costs and total amount required to redeem, and except, further, that in the column headed, "In Whose Name Assessed," were the names, "E. C. and Cordelia Ingalls and Anna S. Howard."

The plaintiff claims that the first notice is invalid because it includes several parcels in one notice. There is nothing in the statute requiring a separate notice of redemption to be issued upon each tax certificate. The notice stated separately and distinctly a description of each tract, date of sale, amount sold for, interest and the amount required to redeem each tract with such clearness that no one could be possibly misled, and in form and substance it was sufficient. The owner, under this notice, had the right to redeem one or more or all of the tracts described in the notice by paying the amount in the notice stated, set opposite each tract, and interest, with a pro rata share of the cost of serving the notice. The only effect, upon the rights of parties desiring to redeem, of issuing one certificate instead of three was that the amount required to be paid for the cost of service of the notice, as to each tract, was only one-third what it would have been if three notices had been issued and served.

The plaintiff also claims that the notices were void because they were not directed to the persons in whose name the land was assessed at the time they were issued. It is not claimed that the fact that one of the notices was also directed to E. C. Ingalls affected its validity. Sperry v. Goodwin, 44 Minn. 207, 46 N. W. 328. The claim is that the assessment roll showed that the land was then assessed to Anna S. Howard and C. Ingalls, while the notice was directed to Anna S. Howard and Cordelia Ingalls. If C. Ingalls and Cordelia Ingalls were different persons there would be something in the point, for the statute (G. S. 1894, § 1654) requires the notice to be directed to and served upon the person in whose name the lands are assessed; that is, the person in whose name the lands are assessed and the person to whom the notice is directed must be one and the same person. If he is, then the fact that the initial of his first or given name is used in the assessment and his full given name

in the notice is immaterial, where the notice is personally served. In such a case the notice is directed to the identical person in whose name the land is assessed. The trial court found that the notice in this case was directed to the person in whose name the land was assessed. This is a finding, in effect, that C. Ingalls and Cordelia Ingalls were one and the same person. The trial judge also expressly found that the land was assessed in the name of said defendant C. Ingalls (he had previously referred to the defendant in his findings as the said defendant Cordelia) and said Anna S. Howard, thus: "Anna S. Howard and C. Ingalls." There is no assignment of error challenging such findings, unless it be the first, which is in these words: "The court below erred in finding as a fact that the notice of expiration of redemption was directed to the person in whose name the property was assessed." Conceding that this assignment is sufficient, we are of the opinion that the findings are sustained by the evidence. Whether, in cases where the notice is served by publication, it is necessary to direct the notice to the person in whose name the property is assessed by copying literally the name as written in the assessment roll, as seems to have been held in the Iowa cases relied upon by the plaintiff, we do not decide.

Judgment affirmed.