ORRIN KIPP v. PETER J. JOHNSON.

June 15, 1898.

Nos. 11,061—(187).

Tax Sale—Redemption—Notice—What Law Governs.
> The right of redemption from a tax sale and the notice of the expiration thereof must be governed by the law in force at the date of the sale.

Tax Sale in 1884—Notice of Expiration of Redemption—"60 Days after Service of Notice"—G. S. 1878, c. 11, § 121.
> A tax sale was made in 1884. The notice of the expiration of the redemption stated that the time would expire "sixty days after the service of this notice and proof thereof has been filed," instead of "sixty days after the service of this notice," as required by the statute in force when the sale was made. G. S. 1878, c. 11, § 121. *Held*, that the notice was void.

Appeal by plaintiff from a judgment of the district court for Chisago county in favor of defendant, entered in pursuance of the findings and order of Crosby, J. Reversed.

*S. & O. Kipp,* for appellant.

*P. H. Stolberg,* for respondent.

START, C. J.

This is an appeal from a judgment in favor of the defendant in an action to test the validity of a tax title. The plaintiff on the trial proved ownership of the land in question by a perfect chain of conveyances from the United States to himself, and then rested. The defendant then gave in evidence, over the objection and exception of the plaintiff, a tax certificate of the land executed to him as the purchaser by the county auditor, and dated September 16, 1884; also a notice of the expiration of the time for redemption from the tax sale described in the tax certificate, dated September 29, 1894, and directed to the person in whose name the land was assessed, and served upon him October 1, 1894, by the sheriff, who on the same day filed the notice, with proof of service thereon, in the office of the county auditor. This notice stated that the time for redemption from the tax sale would expire "sixty days after the service of this notice and proof thereof has been filed," following in this respect the statute as amended by Laws 1889, c. 198 (G. S. 1894, § 1654), instead of "sixty days after the service of this notice," as required by the statute in force in 1884, when the tax sale was made and the certificate issued. G. S. 1878, c. 11, § 121. The question as to the validity of this notice is the only one we need consider.

The right of property acquired by the purchaser at a tax sale and the right of redemption by the owner must be governed by the law in force at the time of the sale. The time allowed for redemption cannot be changed by the subsequent amendment of the laws. The right of redemption from this tax sale must be governed by the law under which the sale was made. Therefore the notice of redemption must conform to the statute as it stood before the amendment of 1889. Merrill v. Dearing, 32 Minn. 479, 21 N. W. 721; Kenaston v. Great Northern Ry. Co., 59 Minn. 35, 60 N. W. 813. Again, the statute providing for the notice of redemption from tax sales is mandatory, and the time when the right to redeem will expire must be stated clearly and correctly in the notice. No distinction can be made between a notice which extends the time and

one which reduces it. State v. Nord supra, page 1; Peterson v. Mast, 61 Minn. 118, 63 N. W. 168. The statute being mandatory, the notice required by it must be given. The fact in this particular case that, by reason of the sheriff filing his return on the same day that he served the notice, so that 60 days from the time of service of the notice and from the filing of the return would expire on the same day, is not material. The notice, when issued by the auditor and delivered for service, must state correctly when the time of redemption will expire. It must then be a valid notice, and its validity cannot be made to depend upon the act of the officer in filing or omitting to file the proof of service on the day service is made.

Take the case of Kenaston v. Great Northern Ry. Co. as an illustration. In that case the sale was made after the amendment of 1889, but the notice followed the original statute, and stated that the time for redemption would expire "sixty days after the service of this notice"; and it was held void because it did not comply with the law in force at the time the sale was made, and state that the time of redemption would expire "sixty days after the service of this notice and proof thereof filed." Now, if the sheriff had happened to serve the notice and to file proof thereof on the same day, would it have made this invalid notice valid? Clearly not.

So in this case the notice was not the one which the law required to be given, in that it fixed the date of filing the proof of service as the time when the 60 days would commence to run, instead of the date of service; and the act of the sheriff in filing or omitting to file the proof of service on the same day that he served the notice could not affect the validity of the notice. That the notice required under the original statute and that required under the amendment are materially different was determined in the Kenaston case. The fact that the notice in question could not shorten the time for redemption, but might operate to extend the time of redemption, does not render it valid. State v. Nord, supra. The notice of the expiration of the time for redemption given in this case was not the notice required by law, and it was void.

Judgment reversed, and case remanded, with directions to the district court to modify its conclusions of law so as to order judgment

to the effect that the plaintiff is the owner of the land subject to the lien of the defendant's tax certificate.