A. M. KNIGHT v. ANTON KNOBLAUCH and Another.

June 12, 1899.

Nos. 11,637—(132).

Redemption from Tax Sale—Form of Notice.
 Notice when time for redemption from tax sale will expire held sufficient.

Action in the district court for Nobles county to determine adverse claims to land.    The case was tried before P. E. Brown, J., who found in favor of plaintiff; and from a judgment entered pursuant to the findings, defendant Knoblauch appealed.    Reversed.
 Daniel Rohrer, for appellant.
 M. O. Little, for respondent.

BUCK, J.

The defendant Thompson claimed title to the premises in controversy through certain tax certificates and the service of the notice of the expiration of the time of redemption. Whatever right and title he has obtained he conveyed to the defendant Knoblauch, and the controversy as to the title to said premises is between the latter and the plaintiff, Knight, who claims under the original patentee of the land.

There were several tax judgments entered against the land for several different years by reason of the nonpayment of delinquent taxes on the land in controversy, but they were all held invalid by the trial court except the judgment for the year 1889, for the delinquent taxes for the year 1887, which the court held valid; and on May 6, 1889, to enforce said judgment, the auditor of Nobles county, wherein the premises are situate, duly sold said land to the defendant Thompson, and a tax certificate of tax-judgment sale was delivered to him as provided by law. As this judgment and sale thereunder appear to have been valid, and Thompson having conveyed his estate in said land to Knoblauch, the question of the validity of the other judgments need not be considered, as all the questions involved are between the same parties, and relate to the same land; and, if Knoblauch's title is good under one judgment, the invalidity of the others would not defeat his title. But, while this judgment for the year 1889 is valid, the absolute title by virtue of the sale thereunder would not pass to Thompson, the purchaser, unless a proper and valid notice of the expiration of the time of redemption from said tax sale was given to the person in whose name the land was assessed; or, if such person could not be found in the county, and there was a person in the actual possession of the land, then such service to be made on him.

The respondent's counsel, in his brief, says that the only question which is really necessary to a determination on this appeal is the sufficiency of the notices to devest the respondent's title to the land. This relieves us from discussing or passing upon any other questions, as upon the record the judgment appealed from must be reversed. This grows out of the fact that, in our opinion, the notice when the time for redemption would expire under the tax-judgment

sale for the year 1889 for delinquent taxes for the year 1887 was a sufficient and valid one. That notice was in the following words and figures, viz.:

### NOTICE OF EXPIRATION OF REDEMPTION.

| In Whose Name Assessed. | Subdivision of Section, Lot, or Block. | Sec. | Twp. | Range. | No. Acres. | Amt. Sold for. | Interest, Penalty, and Costs. | Total Amount Required to Redeem. |
|---|---|---|---|---|---|---|---|---|
| Anton Knoblauch. | S. W. ¼ | 14 | 102 | 39 | 160 | $16.70 | $14.40 | $31.10 |

Office of County Auditor, Nobles County, Minnesota.
To Anton Knoblauch:

You are hereby notified that pursuant to the tax judgment entered in the district court in the county of Nobles, state of Minnesota, on the 22nd day of March, 1899, the land hereinbefore described, assessed in your name, was sold for tax of 1887 on the 6th day of May, 1889, and that the time of redemption from said sale allowed by law will expire 60 days after service of this notice and proof of the service thereof has been filed with the county auditor. In addition to the amount above stated as necessary to redeem from said sale, the cost of service of this notice must be paid.

Witness my hand and seal at Worthington, in said county of Nobles, this 26th day of March, 1896.    John J. Kendlen,
                                                County Auditor.

[Seal of Auditor of Nobles County.]

This notice was given pursuant to what is now G. S. 1894, § 1654, which provides that every person holding a tax certificate shall, after the expiration of the time for the redemption of the lands therein described, present such certificate to the county auditor, and thereupon the auditor shall prepare under his hand and official seal a notice to the person in whose name such lands are assessed, specifying the amount required to redeem such land from such sale, exclusive of the costs to accrue upon such notice, and the time when the redemption period will expire, which notice the auditor shall deliver to the party applying therefor, who shall deliver the same to the sheriff of the proper county for service and return, and the sheriff shall, within 20 days after the receipt by him of said notice, serve and make a return of the same to him. No question is made

as to any irregularity in the service of the notice, but the objection goes to the insufficiency of the notice itself. The title to the lands sold at tax sales as provided by statute does not rest in the purchaser, nor the time for redemption expire, until the notice contemplated by said section shall have been given by the purchaser or person holding such tax certificates.

This notice is headed "Notice of Expiration of Redemption," and under this heading is the name of the person in whose name such lands are assessed, a description of the land sold, the amount sold for, and the amount required to redeem from such sale. Then follows in the body of the notice a designation of the person to whom it is addressed, being the person in whose name the land is assessed, and a statement of the tax judgment, when and where entered, and the date of the tax sale; that the time of redemption from said sale will expire 60 days after service of this notice and proof of said service has been filed with the county auditor; also that, in addition to the amount above stated as necessary to redeem from said sale, the costs of service of the notice must be paid. This notice is signed by the county auditor of Nobles county, and issued under his official seal. We think this notice is an entire instrument from and including the words "Notice of Expiration of Redemption" to the signature of the county auditor, inclusive. The body of the notice refers to and adopts in express language a description of the land, and the amount necessary to redeem as stated in the heading; and it is clear that all the essential ingredients necessary to form a sufficient notice can be found therein, and all that is necessary under the statute to warn the owner or redemptioner that he must pay the purchase money, or lose his land. The amount required to redeem from such tax sale is the amount the land sold for, including interest, penalty, and costs, and interest on the whole amount up to the expiration of the 60 days allowed by law for redemption after service of the notice to so redeem.

Other questions have been discussed, especially in the elaborate brief of the counsel for the appellant, but it will be time enough to pass upon them when necessarily involved in another action. It is not necessary to do so in this action.

Judgment reversed.