## MIDLAND COMPANY v. WILLIAM H. EBY.[1]

February 20, 1903.

Nos. 13,282—(252).

### Redemption from Tax Sale—Amount.

When specifying the amount required to redeem in the notice provided for in G. S. 1894, § 1654, the county auditor must include the total sum due on account of the delinquent taxes, interest, penalties, and costs mentioned in the second and third subdivisions of section 1602.

### Same—Knight v. Knoblauch Overruled.

This amount should be the sum actually due on the day the notice is dated. Overruling Knight v. Knoblauch, 77 Minn. 8, on this point.

### Interest.

When redemption is made, interest should be added by the auditor up to that day, and also the amount of all delinquent taxes, interest, and penalties, if there be any, which have accrued subsequent to the date of the notice.

Action in the district court for St. Louis county to determine the adverse claim of defendant to vacant and unoccupied land. The case was tried before Dibell, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Wilson G. Crosby*, for appellant.

*McGiffert & Hunter*, for respondent.

COLLINS, J.

This action was brought to determine adverse claims made to two separate parcels of land, town lots. The plaintiff, in order to recover, was obliged to rely upon the sufficiency of certain notices to redeem in tax proceedings, issued under the provisions of G. S. 1894, § 1654, in which it is provided, among other things, that "the amount required to redeem" from the tax sale in question must be specified, which section must be construed in connection with section 1602. As to one of these parcels, the second subdivision of section 1602 was applicable, because the lot was

1 Reported in 93 N. W. 707.

bid in by the state at the tax sale, and the right of the state thereafter assigned to plaintiff. As to the other parcel, subdivision 3 was applicable, because the lot was sold to a purchaser at the sale, who subsequently assigned his certificate of purchase to this plaintiff, in whose behalf the notice was given.

While separate notices were issued and served as to each lot, but one notice needs to be considered, for in substance they were alike, and in the following form:

"That the amount required to redeem such lands from such sale, exclusive of the costs to accrue upon this notice, is the said sum of fourteen dollars and eighty-three cents, with interest thereon at the rate of one per cent. per month from said 4th day of May, 1891, to the time of such redemption, and delinquent taxes, penalties, and costs accruing subsequent to said sale, with interest thereon to the time of such redemption."

There were, however, unpaid delinquent taxes on each lot at the time the notices were issued, and the amounts thereof were not included in the amounts expressly specified, and for that reason the amounts of these delinquent taxes were nowhere stated in dollars and cents, so that the principal question in the case is, is it necessary, when unpaid delinquent taxes have accrued subsequent to an assignment by the state, or a sale direct to a purchaser, that the amount thus accrued should be included when stating the amount required to redeem, or will the general statement as to delinquent taxes found in the notices now under consideration suffice? This question must be determined by a full consideration of sections 1602 and 1654, supra.

Under the second subdivision of section 1602, the amount required to redeem is that paid by the assignee, with interest from the date of his assignment, and, in addition, all unpaid delinquent taxes, interest, and penalties which may have accrued on the land after the assignment, and also all delinquent taxes, penalties, costs, and interest accruing subsequent to the assignment, which may have been paid by the assignee. This subdivision covers two classes of delinquent taxes: First, the unpaid; and, second, those which have been paid by the assignee. Whatever may be due on both classes must be paid, in order to redeem, in addition to the amount paid for the assignment.

In case redemption is made under the third subdivision, we find the same provisions and the same classification: First, unpaid delinquent taxes, which, of course, belong to the state, and are collectible by it; and, second, delinquent taxes which have been paid by the purchaser after the tax sale. It is the total of these two classes of delinquent taxes which the redemptioner is required to pay in order to redeem, in addition to the sum paid at the tax sale. It is not the amount which has been paid by the assignee or the purchaser which must be specified, but the amount which must be paid into the county treasury in order to redeem. This amount, although composed of different items, is inseparable and indivisible. Such amounts were not specified in the notices in dispute, for the amounts there stated were simply what had been paid for the certificate of assignment, in the one case, and for the certificate of sale, in the other.

It is suggested that, if the amount specified in the notice must include all unpaid delinquent taxes, an impossible thing is required of the county auditor, because at certain times of the year he might not be able to state the amount with any certainty, and at other times not at all. It is true that subsequent to the issuance of the notice, and during the redemption period, unpaid delinquent taxes will accrue in all cases where taxes become delinquent after the notice is issued, and before redemption is made under it, —for illustration, a notice issued prior to the first Monday in January (when unpaid taxes become delinquent), under which the period for redemption would not expire until after the day on which taxes again become delinquent. But the objection can easily be removed and the difficulty obviated by determining and fixing the day up to which the auditor ought to calculate interest when specifying in the notice the amount required to redeem.

In the case of Knight v. Knoblauch, 77 Minn. 8, 79 N. W. 582, it was said that

"The amount required to redeem from such tax sale is the amount the land sold for, including interest, penalty, and costs, and interest on the whole amount up to the expiration of the sixty days allowed by law for redemption after service of the notice to so redeem."

In other cases it has been assumed that interest should be computed by the auditor up to and as of the day the notice is issued and dated. West L. Assn. v. McComber, 41 Minn. 20, 42 N. W. 543; Parker v. Branch, 42 Minn. 155, 43 N. W. 907; Snyder v. Ingalls, 70 Minn. 16, 72 N. W. 807.

It is clear that the rule laid down in the Knight case was notably erroneous, because the amount required by the statute to redeem is the amount due and payable on the day redemption is made, not at a later day, and redemption may be made fifty-nine days before the expiration of the sixty-day period mentioned in the notice. But it must be admitted that, if the amount required to redeem is stated as of the date the notice is issued, it is in fact erroneous, because the redemption may not be made for a somewhat indefinite period afterward,—a period wholly dependent upon the time and method of service of the notice.

There are practical difficulties in the way of adopting either one of these rules; but, upon careful reflection, we are of the opinion that the least objectionable and most practicable one is that which authorizes the auditor to state the total sum due on the day the notice is dated and issued, as the amount required to redeem. When redemption is made, interest may be added up to that time, and if, in the meantime, unpaid delinquent taxes have accrued, the amount thereof may be added to that stated in the notice. The statute itself enters into the transaction, and the landowner, or the party redeeming, knows that it exacts payment of interest up to the time redemption is actually made, and, in addition, all unpaid delinquent taxes accruing subsequent to the date of the notice. This rule will make the amount to be specified in the notice definite and certain. The party on whom such a notice is served will know—as he is presumed to know the statute —that interest must be paid up to the time of actual redemption, and also that if taxes become delinquent subsequent to the date of the notice, and before he redeems, it is incumbent upon him to discharge them.

In the Knight case the principal controversy was as to the sufficiency of the notice, and whether it was an entire instrument, from and including the words "notice of expiration of redemp-

tion" down to and including the signature of the county auditor. This was the salient feature, and we have no doubt that the language we have quoted, used after disposing of the main question, was an inadvertence, and that little attention was given to the matter, although presented by the briefs. This is apparent from the syllabus. Under the circumstances, and in view of the manifest error in holding that the amount required to redeem should be the total sum due on the day on which the sixty-day period is to expire,—a day which cannot be definitely fixed,—we do not hesitate to overrule the Knight case on this point.

We therefore hold that the notices in the case at bar were insufficient, for at least one reason. The amount stated and specified as that required to redeem should have included the amount of the unpaid delinquent taxes, with interest and penalties, and this omission was not cured by the general statement in the notices that all unpaid delinquent taxes must be paid by the redemptioner.

Order affirmed.