## WILLIAM B. PHELPS v. MICHAEL A. POWERS.[1]

November 13, 1903.

Nos. 13,592—(62).

**Tax Sale—Notice of Redemption.**

The validity of a redemption notice from a sale on a tax judgment is to be determined by the statute providing for such notice in force at the time of the sale, and not at the time when it is issued by the county auditor. Following Merrill v. Dearing, 32 Minn. 479; Kipp v. Johnson, 73 Minn. 34.

**Construction of Notice.**

If the correct amount to redeem is stated in the redemption notice, the addition of the words thereafter "and delinquent taxes" may be regarded as surplusage, where there is no claim or finding that there were delinquent taxes, as under the facts in this case.

Appeal by defendant from a judgment of the district court for St. Louis county, Dibell, J. Affirmed.

*H. H. Hoyt,* for appellant.

*William B. Phelps,* pro se.

LOVELY, J.

Action to determine the adverse claims of defendant to an unoccupied lot in "Lower Duluth." The complaint alleged ownership in plaintiff, that the property was vacant, and asked that defendant be barred from any interest therein. Issue was joined. The court found that the plaintiff was the owner of the lot in question and held that defendant had no interest or claim therein. Judgment was entered upon the findings, from which defendant appeals.

Plaintiff's ownership rested upon a judgment and sale for the taxes of 1886. The sale was made in 1888. A redemption notice was issued by the auditor in June, 1891, and properly served. No redemption was ever made, and the only question which appears to have been discussed or considered at the hearing below was the legal sufficiency of such notice. The last clause of this notice contains the provision

[1] Reported in 97 N. W. 136.

referring to the time when the land may be redeemed—that it will expire

> "Sixty days after service of this notice in manner prescribed by section 37, chapter 6, General Laws of Minnesota, for the year 1877, and amendments thereto."

This was a valid notice of redemption, under the laws in force at the time of the sale (Merrill v. Dearing, 32 Minn. 479, 21 N. W. 721; Kipp v. Johnson, 73 Minn. 34, 75 N. W. 736), but not at the time when it was issued and served, since it did not state that the time of redemption did not expire until sixty days after the filing of proof of the service of the same. Kenaston v. Great Northern Ry. Co., 59 Minn. 35, 60 N. W. 813; State v. Halden, 62 Minn. 246, 64 N. W. 568. In the case of State v. Halden, supra, a similar notice to the one given by plaintiff was involved. It was said of that notice, which was held insufficient, that the words "in the manner," etc., used therein, referred, as their antecedent, to the words "service," etc., immediately preceding; but the sale which controlled in that case took place in 1890, after the amendment to the statute which required a statement therein making the time available to the owner to redeem dependent not only upon sixty days after service, but after proof thereof had been filed. A reference to the statute in force at the time of the sale neither adds anything to, nor takes anything from, the previous words, providing a limitation of time for service, and was therefore sufficient.

The clause in the redemption notice preceding the last one, after stating the amount required to make redemption, has the following words:

> "And delinquent taxes, penalties and costs accruing subsequent to such sale with interest thereon to the time of such redemption."

It is claimed on this appeal, for the first time, that it must be presumed from this language that there were delinquent taxes, penalties, etc., which have not been satisfied, and under the rule in Midland Co. v. Eby, 89 Minn. 27, 93 N. W. 707, the notice was consequently rendered uncertain, by not stating the amount of such delinquent taxes. It is very clear from the record that this point was not suggested to

the trial court. Counsel for the defendant, at the close of the evidence, stated, "We have just one objection to these proceedings," and referred to the last clause of the notice, containing the words in such preceding clause. The certificate attached to the transcript of proceedings by the trial judge is that the same "does not contain all the evidence adduced by the plaintiff and none was offered by the defendant." Under such circumstances, and in view of the remarks of counsel, we must assume that there were no delinquent taxes on the land which should have been estimated and included to redeem from the judgment. In Midland Co. v. Eby, supra, it was affirmatively shown that there were delinquent taxes at the date of the notice which were not included in the amount, and it was held that the general statement that the owner must pay subsequent delinquent taxes was not sufficient, unless the amount was also stated; but here there were no delinquent taxes established, and the reference thereto in the notice upon which the supposition of counsel is based should be treated as surplusage.

The view that this reference to delinquent taxes (which was in the form in use) necessarily implies their existence would in this case presume error on the part of the trial judge, in opposition to the rule that, in the absence of a proper showing to the contrary, all inferences are in favor of its findings of fact, and every reasonable intendment which might be implied. Eklund v. Martin, 87 Minn. 441, 92 N. W. 406. Hence the finding that the plaintiff was the owner of the property in controversy, including every fact material to his title, excludes the existence of such delinquent taxes at the time of the notice.

Judgment affirmed.