WILLIAM J. ROESSLER v. FREDERICK W. ROMER and Others.[1]

May 20, 1904.

Nos. 13,943—(171).

**Redemption from Tax Sale.**

The notice to redeem from a tax sale prescribed by section 37, of chapter 6, p. 42, of the Laws of 1877 (being section 1654, G. S. 1894), complies with the requirement which provides that the amount required to redeem shall be therein stated, when the auditor inserts the amount paid at such tax sale by the purchaser and the amount of delinquent taxes sub-

[1] Reported in 99 N. W. 800.

sequently paid by him, together with the respective amounts of interest thereon from the dates of such sale and payment to the date of the notice.

**Interest.**

The statute providing that interest shall be paid to the time of redemption enters into the transaction, and makes the amount required to redeem definite and certain. Midland Co. v. Eby, 89 Minn. 27, followed.

**Cases Followed.**

Certain decisions of this court classified and followed.

Action in the district court for Ramsey county to determine the adverse claims of defendants to certain vacant and unoccupied land. The case was tried before Jaggard, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendants Hackett and Brand appealed. Affirmed.

*Percy D. Godfrey, Oscar Hallam,* and *Moses H. Brand,* for appellants.

*Alfred F. Storey,* for respondent.

DOUGLAS, J.

This is an action to determine adverse claims to vacant and unoccupied real estate situated in Ramsey county. Respondent claims ownership of the legal title thereof by virtue of certain tax certificates issued to one Knowlton and assigned to him. It appears from the record that the appellants, Edward P. Hackett and Moses H. Brand, as trustees (successors to Eugene Cary as trustee), are the owners of the property, unless divested by the tax proceedings hereafter referred to. Respondent's grantor acquired certain state assignment certificates on the land in question issued by the county auditor of Ramsey county, bearing date June 20, 1898. Such certificates were in the usual form, and transferred the interest in said land acquired by the state of Minnesota as purchaser at the regular tax sale held on May 4, 1898, which sale was made pursuant to a tax judgment entered in the district court of Ramsey county on April 13, 1898, in proceedings to enforce the payment of real estate taxes for the year 1896. On March 4, 1903, the county auditor of Ramsey county issued a notice of the expiration of the time of redemption covering each of the tracts, alike in form, and personal service was made by the sheriff on the party in whose name the property was assessed, and due return thereof filed in said auditor's office on March 6, 1903. One of said notices is as follows: ·

No. 6338.

Notice of Expiration of Redemption.
Office of County Auditor, Ramsey County, Minnesota.

To Sallie F. Rogers:

You are hereby notified that pursuant to a tax judgment duly entered in the District Court, Second Judicial District, Ramsey County, Minnesota, the land hereinafter described was sold for the nonpayment of the tax referred to in said judgment in all things in accordance with law. You are further notified that the following is correct and accurate statement, showing the year for which said tax was levied, the date of said judgment, the date when and the amount for which said land was sold, the date when and the amount for which said land was assigned by the State, together with the interest to the date of this notice. Said statement also shows the amount of all subsequent taxes paid by the purchaser, including penalties thereon at the date of such payment and the interest upon said amount to the date of this notice, together with the total amount required to redeem from said sale; and also all unpaid delinquent taxes, penalties, costs and interest accrued.

| Description of Land | In whose Name Assessed | Year for which Tax was Levied | Date of Judgment | When Sold | Amount Sold for to State | | Assigned by State June 20, 1898, for | | Interest to Date | | Total | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Dollars | Cents | Dollars | Cents | Dollars | Cents | Dollars | Cents |
| Situate in the County of Ramsey, State of Minnesota, to-wit: Lot One(1) Block Nineteen (19) of Bazille & Roberts Addition to West St. Paul | Sallie F. Rogers | 1896 | Apr. 13, 1898 | May 4, 1898 | $30 | 05 | $30. | 50 | $17. | 40 | $47. | 45 |

STATEMENT OF SUBSEQUENT TAXES PAID BY PURCHASER ON ABOVE DESCRIBED PROPERTY

| Year for which Tax was Levied | Date of Payment | Amount of Delinquent Tax Paid by Purchaser, Including Penalty thereon | | Interest to date | | |
|---|---|---|---|---|---|---|
| | | Dollars | Cents | Dollars | Cents | |
| 1900 | March 17th, 1902 | $28. | 46 | $3. | 27 | Total thereof $31. 73 |

STATEMENT OF SUBSEQUENT TAXES DELINQUENT AND UNPAID ON ABOVE PROPERTY

| Year for which Tax was Levied | Date of Payment | Amount of Delinquent Tax Including Penalty and Costs thereon | | Interest to date | | |
|---|---|---|---|---|---|---|
| | | Dollars | Cents | Dollars | Cents | |
| 1901 | Unpaid. Held by State of Minnesota | $35. | 04 | $0. | 00 | Total thereof $35. 04 |

Total Amount Required to Redeem.....$114. 22

You are further notified that the amount required to redeem from said tax sale (exclusive of the cost of this notice) is One Hundred and Fourteen Dollars and twenty-two cents, and that the time allowed by law for the redemption from said tax sale will expire sixty days after service of this notice has been made and due proof thereof filed in the office of the County Auditor of Ramsey County, Minnesota.

Witness my hand and official seal at St. Paul, Ramsey County, Minnesota, this Fourth day of March, A. D. 1903.

E. G. KRAHMER,
County Auditor of Ramsey County, Minnesota.
By C. E. KELLER,
Deputy County Auditor.

Seal of County Auditor,
Ramsey County, Minnesota.

The owner did not redeem. At the trial of the action the district court sustained the tax title, and entered judgment in favor of the plaintiff, from which defendants Edward P. Hackett and Moses H. Brand appeal.

The sufficiency of the notice of redemption required by section 1654, G. S. 1894, is the sole question here presented. The rule is settled that a redemption notice from a tax sale must be determined by the statute providing for such notice in force at the time of the sale, and not at the time that it was issued by the county auditor. Merrill v. Dearing, 32 Minn. 479, 21 N. W. 721; Kipp v. Johnson, 73 Minn. 34, 75 N. W. 736; Phelps v. Powers, 90 Minn. 440, 97 N. W. 136. It is equally well settled that the statute must be strictly followed, inasmuch as the proceedings involve a statutory method of divesting persons of their interest in real property. State v. Nord, 73 Minn. 1, 75 N. W. 760; Gahre v. Berry, 82 Minn. 200, 84 N. W. 733; Walker v. Martin, 87 Minn. 489, 92 N. W. 336. However, a trifling misstatement of the amount of interest due was disregarded, and the notice held valid, in Western Land Assn. v. McComber, 41 Minn. 20, 42 N. W. 543, under the familiar rule, De minimis non curat lex.

It is also well settled in this jurisdiction that a notice otherwise complying with the statute, specifying the date of sale, the amount for which the premises were sold, and containing the clause, "with interest on said last named amount at the rate of twelve per cent per annum until such redemption is made," or words to that effect, is valid in a proceeding in which a subsequent delinquent tax was not involved. Snyder v. Ingalls, 70 Minn. 16, 72 N. W. 807; McNamara v. Fink, 71 Minn. 66, 73 N. W. 649; Cook v. John Schroeder Lumber Co., 85 Minn. 374, 88 N. W. 971; Phelps v. Powers, supra.

In Midland Co. v. Eby, 89 Minn. 27, 93 N. W. 707, the court had in mind the difficulty often experienced in setting forth in the notice the definite amount required to redeem, and, while recognizing that a notice is good when the auditor states the date of and the amount paid at the sale, and when delinquent taxes have been paid, the amount thereof, and date of such payment, with interest upon each of said respective amounts from said dates (naming them) at the rate of twelve per cent. per annum as provided by statute, still, to simplify such notices, Justice COLLINS, speaking for the court, used the following language:

"There are practical difficulties in the way of adopting either one of these rules; but, upon careful reflection, we are of the opinion that the least objectionable and most practicable one is that which authorizes the auditor to state the total sum due on the day the notice is dated and issued, as the amount required to redeem. When redemption is made, interest may be added up to that time, and if, in the meantime, unpaid delinquent taxes have accrued, the amount thereof may be added to that stated in the notice. The statute itself enters into the transaction, and the landowner, or the party redeeming, knows that it exacts payment of interest up to the time redemption is actually made, and, in addition, all unpaid delinquent taxes accruing subsequent to the date of the notice. This rule will make the amount to be specified in the notice definite and certain. The party on whom such a notice is served will know—as he is presumed to know the statute—that interest must be paid up to the time of actual redemption, and also that if taxes become delinquent subsequent to the date of the notice, and before he redeems, it is incumbent upon him to discharge them."

The notice under consideration complies with the form outlined by the court in the Eby case, and specifies a definite sum as the amount necessary to redeem at the date of the notice. At the head of a separate column the auditor has used the term "interest to date," underneath which the amount of interest and the date of sale and date of payment of delinquent taxes respectively are placed. It also appears from the notice that these amounts enter into the computation from which the total required to redeem was fixed. The auditor seems to have taken the decision of the court in the Eby case as a guide in the preparation of the notice, and we reaffirm that the statute itself enters into the transaction, and the party desiring to redeem will be presumed to know he is required to pay interest at the statutory rate from the date of the notice, in addition to the amount named therein. This construction of the statute renders the notice definite and certain in amount.

The rule in this state requiring the auditor to follow the statutes strictly in the preparation of such notices, on the ground that the proceeding involves a statutory method of divesting persons of their property, has been carried to the extreme limit. The chief purpose of a notice is to apprise those interested of the fact that such proceedings

are pending. The amount required to be paid to redeem is of far less consequence, as that can readily be ascertained. But whether the changed form of notice suggested in the Eby case is an improvement over the form repeatedly sanctioned by this court is (speaking for myself and not for the court) problematical, particularly in view of the fact that the legislature in 1902 adopted a special form which will apply to tax sales held thereafter. Laws 1902, p. 26, c. 2, § 47. But from any standpoint the difference in the amount specifically named and that insisted upon as the amount required to redeem is trifling, and, as appellants did not attempt to redeem, they are not entitled to relief.

It follows the order of the trial court must be affirmed.