N. O. HAGE v. ST. PAUL LAND & MORTGAGE COMPANY and Others.[1]

March 12, 1909.

Nos. 15,986—(242).

**Tax Sale—Statute Controlling.**

　　Lands were sold for the delinquent taxes of 1896 to 1905, inclusive, in November, 1906, at forfeited tax sale, for an amount less than was authorized by law and not authorized by the state auditor. After the right of redemption had been eliminated by notice, a Governor's deed was executed. In an action to quiet title, involving the validity of that deed, it is *held* that the sale and subsequent proceedings under it were governed by sections 936 to 940, R. L. 1905, and not by chapter 2, p. 1, Laws 1902.

**Deed Held Valid.**

　　Under sections 938 and 940, R. L. 1905, the tax deed was valid as against the objections which were urged to it.

Action in the district court for Ramsey county to determine adverse claims to vacant and unoccupied land. William H. Houlton alone answered. The case was tried before Orr, J., who found in favor of plaintiff. From the judgment entered pursuant to the findings, the answering defendant appealed. Affirmed.

[1] Reported in 120 N. W. 298.

*John F. Fitzpatrick,* for appellant.

*Andrew J. Newgren* and *William G. White,* for respondent.

JAGGARD, J.

In an action to quiet title to certain land, defendant was the owner of the fee, unless plaintiff's tax deed was valid. The trial court found for the plaintiff. This appeal was taken from the judgment.

The general taxes for the years 1896 to 1905, inclusive, were not paid. Separate judgments were duly entered against the premises for the taxes of these years. At the tax sales there were no bidders. The premises were thereupon bid in to the state. All the certificates were based on the tax sale of 1898 under judgment of the delinquent taxes of 1896. At the forfeited tax sale on November 14, 1906, the lands were sold by the county auditor separately to the plaintiff for $10.81 for every lot, being the amount of the delinquent taxes for 1896 to 1906, exclusive of interest, penalties, and costs. The amount of delinquent taxes against every lot on that date, inclusive of interest, penalties, and costs, was $18.55. The county auditor issued to the plaintiff separate certificates of absolute property sale for every one of said lots. Notices to eliminate right of redemption were given. No redemption was made. A deed to the property was executed to plaintiff by the Governor on June 24, 1907. The forfeited tax sale on November 14, 1906, was held under sections 936 and 937 of R. L. 1905, pursuant to a letter of instruction to said county auditor "that those tracts which were bid in by the state at the regular tax sale in 1901 and all years prior thereto, on which the aggregate taxes, penalties, interest, and costs exceed the cash value thereof, may be disposed of for a sum not less than the total taxes charged against said tract, excluding the penalties, costs, and interest." The court below found: "Neither the state auditor nor the county auditor of Ramsey county ever fixed or determined the value of the lots described in the complaint in this action, or any of them."

1. Defendant insists that sections 52–54, c. 2, pp. 28, 29, Laws 1902, which were re-enacted in the Revised Laws of 1905 as sections 936–938 were not applicable to lands bid in to the state at tax sales made prior to 1902, but that all such tax sales were regulated by prior laws, and that it was so held in Stein v. Hanson, 99 Minn. 387, 109 N. W. 821.

If this be true, defendant's further position is well taken that the Governor's deed in pursuance of a tax certificate passed upon the sale to the state in 1898 for the taxes of 1896 was wholly unauthorized by law, and added nothing to plaintiff's right in this action under his tax certificates upon the sale to him. Defendant's argument, however, overlooks the important fact that section 52, c. 2, p. 28, Laws 1902, was not literally reproduced by section 936, R. L. 1905, but was substantially changed. Section 52 reads in part: "All pieces or parcels of real property bid in for the state *under the provisions of this act* shall be disposed of." The same part of section 936 provides: "*All parcels of land bid in for the state* and not assigned to purchasers or redeemed within three years from the date of the tax sale at which they were offered, shall become the absolute property of the state and be disposed of. * * *" (All italics are ours.) That is, the words "under the provisions of this act," which occur in section 52, do not appear in section 936. An inevitable effect of this change is that the Laws of 1902 had a prospective and not a retrospective operation, as was held in Stein v. Hanson, supra, and that section 938, which took effect on March 1, 1906, has both a retrospective and a prospective effect.

The forfeited sale was made in November, 1906, after the Revised Laws went into effect. It follows that, so far as this question is concerned, the Governor's deed was valid, as to this point, if the statute was constitutional. It is undoubtedly true that the primary rights of the owner of the fee are determined by the law in force at the time the adverse tax proceedings were taken, and that a legislature cannot by subsequent enactment of a law impair those rights. The question then is, what rights did the state acquire at the tax sale of May 7, 1898? Where a purchaser bought the land at that sale, and where he obtained a state assignment certificate, notice must have been given. No notice was, however, required to be given by the state as to lands which had been bid in to it and not assigned. The state could have sold to a purchaser and have given him an absolute deed. Jaggard (Minn.) Tax. 512. As was pointed out in the supplementary opinion in Minnesota Debenture Co. v. Scott, 106 Minn. 32, 40, 119 N. W. 391, 395, the land forfeited to the state was its own property. It had the right to determine on what conditions it would dispose of its estate. It made that determination by the revision of 1905 as will presently be set forth.

That disposition could impair no rights to the property of the owner. His interest had been forfeited.

2. It remains to consider whether, under the provisions of the Revised Laws of 1905, the deed conferred title. It must be admitted that the tax sale was for an amount not authorized by law nor by the state auditor. The immediate question is whether these facts voided plaintiff's title. Section 938 provides that upon the expiration of the period of redemption fixed in accordance with the notice the Governor shall execute a deed, and that "every such deed shall vest the grantee with complete title to such lands, subject to the defenses that the tract or parcel was exempt from taxation, or that the taxes for which such tract or parcel was sold at said tax sale had been paid." The state had the right to fix the terms upon which the land should be sold and upon which the purchaser should obtain absolute title. By this section it excluded the right to object to the validity of its deed on the ground that the sale was for a less amount than was authorized by law or that it was made without instruction by the state auditor. It therefore concludes this controversy. Section 940 also necessitates this ruling.

Affirmed.