JOHN JOHNSON v. ALEXANDER FRASER and Others.[1]

Nos. 16,553—(128[2], 153[3]).

August 12, 1910.

**Notice of expiration of redemption.**

The service of notice of expiration of redemption under a tax sale held in 1901 is governed by the provisions of G. S. 1894, § 1654.

**Same — evidence.**

The evidence is sufficient to show that the notice of expiration of redemption involved in this case was properly issued, served, returned, and filed in the office of the county auditor.[4]

[1]Reported in 127 N. W. 474, 128 N. W. 676.        [3]October, 1910, term calendar.
[2]April, 1910, term calendar.                             [4]See opinion after reargument.

**Same — tax sale in 1901.**

A notice of the expiration of redemption under a tax sale occurring in 1901 is sufficient if it states the amount required to redeem, with interest to the date of the notice.  Midland Co. v. Eby, 89 Minn. 27, and Roessler v. Romer, 92 Minn. 218, followed.

**Same — land forfeited to state.**

Lands which were forfeited to the state for nonredemption from a tax sale occurring in 1901 may be sold by the county auditor .to a purchaser, as provided by the Revised Laws of 1905, and, when the notice of expiration of redemption has been served, the Governor's deed and certificate of sale constitute evidence of title, and subject only to the defenses specified in R. L. 1905, sections 938–940.  Hage v. St. Paul L. & M. Co., 107 Minn. 350..

December 2, 1910.

**Forfeited sale in 1907 — notice of expiration of redemption.**

Where lands were bid in by the state at a tax judgment sale in 1901, under the provisions of the General Statutes of 1894, and were sold by the state at the forfeited sale in 1907, the notice of the expiration of the time for redemption is governed by R. L. 1905, § 956.·

**Same — omission to include interest.**

A notice of expiration of the time for redemption, which fails to state that the amount required to redeem shall draw interest, as provided by law, to the day such redemption is made, as required by section 956, R. L. 1905, is void.  Lawton v. Barker, 105 Minn. 102.

**Requirement of statute constitutional.**

The requirement by R. L. 1905, § 956, that the notice of expiration of the ·time for redemption shall state that the amount required to redeem shall include interest as provided by law to the day such redemption is made, is constitutional, and not an infringement upon any of the vested property rights of the owner .whose lands had been bid in for the state at a tax sale held in 1901, and sold as forfeited lands in 1907.

Action in the district court for Cook county against Alexander Fraser and nineteen other defendants to determine adverse claims to certain vacant and unoccupied lands.  The answer of defendants McGindley and Nesbitt alleged that defendant A. N. McGindley had absolute title to the property derived from a tax certificate, delivered to him by reason of the nonpayment of taxes, and that Edwin R. Nesbitt was the absolute owner of a one-twelfth interest in

fee simple in the land. The reply admitted certain parcels were sold to A. N. McGindley in 1900 at the forfeited tax sale for the taxes for the years 1891 to 1895. Defendants Fraser and Nesbitt interposed separate counterclaims claiming to be the owners in fee of the land in controversy. The replies to the counterclaims were general denials.

The case was tried before Cant, J., who made findings of fact and as conclusions of law found that plaintiff was the owner in fee simple, clear of all incumbrances, of an undivided one-sixth; that defendants and all other persons unknown claiming any right thereto had no right, title, estate, lien or interest therein or in any part of said undivided interests in said lands; that defendant John P. Weyerhaeuser was the owner of an undivided five-sixths; and that plaintiff and John P. Weyerhaeuser were entitled to judgment. From the judgment entered pursuant to the findings, defendants Alexander Fraser, E. R. Nesbitt and A. N. McGindley appealed. Reversed and judgment ordered for appellants.

*A. N. McGindley* and *John Swinland,* for appellants.

*E. L. Kimball,* for respondent.

LEWIS, J.

Action to determine adverse claims to certain lands in Cook county. Appellants were the owners of undivided interests of the fee, and respondent claims title under a tax judgment entered against the land in 1901 for the taxes delinquent for 1899. The land was bid in by the state at the tax sale of May 6, 1901, and was sold to respondent at the forfeited tax sale in November, 1907, and certificates of sale were issued to respondent November 11, 1907, notices of the expiration of time for redemption were issued December 11, 1907, and subsequently the certificates were surrendered and a Governor's deed executed, conveying the premises to respondent. At the trial, as evidence of his title, respondent introduced in evidence the Governor's deed, the record of two certificates of sale covering the undivided interests, two notices of expiration of redemption, two affidavits of publication, and the assessment of the land for the proper year.

The sale having taken place in 1901, the statutes then in force (G. S. 1894) govern the service of the notice of the expiration of redemption. The statute requiring the service of the notice of expiration of redemption as to lands forfeited to the state was not re-enacted by the tax code of 1902, but was re-enacted by section 938, R. L. 1905. The retroactive effect of the act of 1902 was under consideration in Stein v. Hanson, 99 Minn. 387, 109 N. W. 821, although the sufficiency of the notice was not involved. In that case, the lands having become forfeited to the state in 1904, the point was made that the forfeited sale was controlled by the tax code of 1902. It was held, however, that the act of 1902 was prospective only, and that the forfeited sale was controlled by G. S. 1894.

A similar question arose again in Hage v. St. Paul L. & M. Co. 107 Minn. 350, 120 N. W. 298, where the tax sale took place in 1898 for taxes delinquent in 1896, and the lands were sold by the state as forfeited lands in November, 1906, and it was there held that the provisions of the Revised Laws of 1905 were retroactive, as well as prospective, with regard to the sale of lands which had been forfeited to the state. The subject was also generally discussed and authorities cited in State v. Krahmer, 105 Minn. 422, 117 N. W. 780, 21 L.R.A. (N.S.) 157; Phelps v. Powers, 90 Minn. 440, 97 N. W. 136.

Section 1654, G. S. 1894, and R. L. 1905, § 956, are substantially the same, and appellant raises the objection that the record does not show that the sheriff served the notice of expiration to redeem within twenty days from the time he received it. The notice which appears in the return was issued December 11, 1907, and was received by the sheriff on December 26, 1907. The return of the sheriff, to the effect that no one was in actual possession of the land and that the party to whom the notice was addressed could not be found within the county, was dated January 9, 1908, and the notice was filed in the office of the auditor January 15, 1908. The sheriff seems to have performed his duties within the time required, conceding that the statute is mandatory. That similar regulations are merely directory was held in Kipp v. Dawson, 31 Minn. 373, 17 N. W. 961, 18 N. W. 96. The return shows that no one was in possession of the land, and, the return having been filed in the office of the audi-

tor within the time required by law, we hold that the service was in compliance with the statute.

It is further claimed by appellant that the notice of redemption described several distinct tracts of land, and that several distinct tracts were sold as one for a gross sum. It does not so appear from the record before us. According to the record, two notices of expiration of redemption were issued, and each represented an undivided one-half interest in the tract involved in this appeal.

Another objection to the notice of expiration of redemption is that it omits the words "and interest as provided by law to the day such redemption .is made." The notice in this case reads, "And that the amount required to redeem said piece or parcel of land from said tax sale at the date of this notice, exclusive of the costs to accrue upon said notice, is the sum of $6.18." As already stated, redemption in this case is governed by the statutes in force at the time of the sale (G. S. 1894), and, as construed in Midland Co. v. Eby, 89 Minn. 27, 93 N. W. 707, and Roessler v. Romer, 92 Minn. 218, 99 N. W. 800, the notice was sufficient.

We come, now, to the last point urged, viz., that respondent failed to prove title for the reason that under the law, as it existed prior to the Revised Laws of 1905, proof of the adoption of a resolution by the board of county commissioners designating the newspaper in which the delinquent list should be published was jurisdictional, and also that it was necessary to introduce the tax judgment on which the sale was made. Respondent seems to have relied upon the 1905 statutes and to have assumed that it was not necessary to introduce the judgment of the tax sale, nor the resolution of the board of county commissioners selecting the newspaper.

It was formerly held that proof of these preliminary steps was necessary to make out a prima facie case; but under the provisions of section 938, R. L. 1905, the Governor's deed vests the grantee with complete title to the land, subject to the defenses that the tract and parcel were exempt from taxation, or that the taxes for which such tract or parcel was sold at the tax sale had been paid. And under section 940 the certificate is prima facie evidence that the land was subject to taxation for the year or years therein stated, that

it was listed and assessed as required by law, that the taxes were levied according to law, that the judgment was duly entered, that the court had jurisdiction, and that all the requirements of law with respect to the sale had been complied with.

On authority of Hage v. St. Paul L. & M. Co. supra, we hold that the deed and certificate made out a prima facie case of title in the respondent; and, the issuing and filing of the notice of expiration of redemption having been proved, the owner's rights were eliminated, and title became vested in the grantee.

Affirmed.

On December 2, 1910, the following opinion was filed:

LEWIS, J.

At the former hearing we were of opinion, and so decided, that the requisite notice of expiration of the time of redemption was controlled by the law in force at the time of the tax sale in 1901, and not by the law in force at the time the land was sold by the state to the purchaser in 1907. Reargument was granted for the reason that the court was in some doubt as to the correctness of its decision on this question; and, although other propositions have been argued, we find no reason for changing our views upon those points, and shall confine the present discussion to the single question, viz.: Did the General Statutes of 1894 or the Revised Laws of 1905, govern the notice?

On account of the frequent changes in the tax laws, and the many decisions upon various phases of the law, the question is somewhat confused.

The land was bid in by the state at the tax sale which took place in 1901. Chapter 198, Laws 1889 (section 1654, G. S. 1894), was then in force. The proviso in that law was that the notice must issue in all cases when the state sold land after the time for redemption had expired. There are many decisions which involve the rights of purchasers at tax sales and holders of assignment certificates, where lands had been bid in by the state and assigned before the time for redemption expired. But what the rights of the parties were when the lands had been forfeited to the state, and then sold, has seldom been directly involved or decided. Our effort should be

to discover the underlying principle which should govern in such cases, and a brief reference to the principal decisions on the subject will be necessary.

In Kipp v. Johnson, 73 Minn. 34, 75 N. W. 736, the land was sold to a purchaser at a tax sale under the statute in force in 1884, and the certificate was issued to the purchaser September 16, 1884. At that time the statute required that the notice should state that the time of redemption expired sixty days after its service. The notice of expiration of time for redemption was issued September 29, 1894, after chapter 198, Laws of 1889, went into effect, which added the requirement that the notice should state that the time for redemption would expire sixty days after the service of the notice and proof thereof had been filed. It was held that the right of redemption from a tax sale, and the notice of the expiration thereof, were governed by the law in force at the date of the tax sale, and not by the law in force at the date the notice was issued. But in Kenaston v. Great Northern Ry. Co., 59 Minn. 35, 60 N. W. 813, the tax sale took place in 1887, and the land was bid in for the state. Before the time for redemption expired, Kenaston took an assignment certificate, and in March, 1890, a notice of expiration was issued, which stated that the time for redemption would expire sixty days after service of the notice, and the court held that the notice of expiration was governed by chapter 198, Laws 1889.

In Merrill v. Dearing, 32 Minn. 479, 21 N. W. 721, the tax title claimant had purchased at a tax sale made in September, 1877, and no notice of expiration for redemption had been given, as required by chapter 6, Laws 1877; and it was held that the right of redemption was governed by the law in force at the time of the sale, for the following reasons: "The right of property acquired by the purchaser at this sale, and the right of redemption remaining to the owner, must both be governed by the law in force at the time of sale. Neither, in our judgment, could be either abridged or enlarged by subsequent legislation. This is unquestionably so as to the right of the purchaser. The same rule ought to apply in favor of the owner as against any statute shortening the time to redeem, as it

is equally unjust to legislate against the owner of the land as in his favor"—citing State v. McDonald, 26 Minn. 145, 1 N. W. 832.

In State v. Smith, 36 Minn. 456, 32 N. W. 174, all the lands in controversy had been bid in for the state in 1876 for the taxes of 1874, and before the act of 1877, extending the time of redemption to three years, became a law, assignment certificates had been issued upon some of the lands, while others were still held by the state. On authority of Merrill v. Dearing, supra, the court held that the act of 1877 did not apply to lands previously sold or assigned to purchasers, but that it did apply to lands held by the state at the time of its passage.

In Cole v. Lamm, 81 Minn. 463, 84 N. W. 329, the land had been sold for the taxes of 1889 to 1894, inclusive, and bid in for the state, and subsequently sold to Lamm under the forfeited tax law (chapter 322, Laws 1899). No notice had been issued, and it was held that such notice was required by chapter 198, Laws 1889, and section 4, c. 58, Laws 1893.

The case of Stein v. Hanson, 99 Minn. 387, 109 N. W. 821, was referred to in the former opinion. That case decided that the act of 1902 (Laws 1902, c. 2) with reference to the sale of forfeited lands was prospective only, and did not apply to lands forfeited to the state under the General Statutes of 1894, and hence the sale in 1904 by the state was governed by the former statute. The contrary view was taken as to the Revised Laws of 1905 in Hage v. St. Paul L. & M. Co., 107 Minn. 350, 120 N. W. 298, where the then statute was held to be retroactive. In that case a notice of expiration of the time for redemption had been issued, but its validity was not involved, and it did not appear from the record whether the notice complied with the General Statutes of 1894 or the Revised Laws of 1905. The question was whether the Governor's deed, issued under the Revised Laws of 1905 for forfeited lands sold by the state in 1906, was void for the reason that the auditor had never determined the value of the lots and had sold them for less than the amount of the taxes, interest, penalties, and costs, as provided by the 1905 Code.

In Minnesota Debenture Co. v. Scott, 106 Minn. 32, 119 N. W. 391, the lands had been bid in by the state at tax judgment sales, in

part under the General Statutes of 1894, and were sold by the state as forfeited lands after the Revised Laws of 1905 went into effect. The question was whether or not the owner was entitled to redeem by deducting the amount for which the land was sold, above the amount due the state, and it was held that the Revised Laws of 1905 applied with respect to such purchases as to the amount required to redeem.

The argument is very persuasive that the effect of the 1889 act was to place the owner, when lands were sold after forfeiture, upon the same basis as the owner occupied with reference to land assigned before forfeiture, and that the rule of Kipp v. Johnson should apply to the present case, and the owner have the right to insist that the notice should be served in accordance with the law in force at the time of the tax sale in 1901, and object to a notice served under the Revised Laws of 1905. To express the matter concretely: Suppose in the present case the purchaser had inserted the interest clause in the notice, as provided by the 1905 statute (R. L. 1905, § 956); would the owner have been successful in attacking it on the authority of Kipp v. Johnson? Whatever doubt may attend the rights of the owner in such cases, there is no difficulty when the subject is considered from the standpoint of the purchaser. The purchaser of forfeited lands takes the title burdened with whatever restrictions the legislature may have seen fit to impose upon him as to the character and service of the notice. Kenaston v. Great Northern Ry. Co., supra. But it is not reasonable to suppose that it was the intention of the legislature to provide, in such cases, that the owner might insist, when it suited his purpose, that the notice of expiration of redemption should be served in accordance with the law in force at the time of the tax judgment sale, and at another time insist that the purchaser be required to comply with whatever new burdens may have been imposed by legislation. Evidently both the owner and purchaser are governed by the same law. The provisions of the Revised Laws of 1905 are general in terms and apply to past tax sales, unless the constitutional rights of the owner are interfered with. In all of the cases where the subject has been considered, except Cole v. Lamm,

supra, the lands were assigned before the time for redemption expired, and in the Lamm case the lands had become forfeited to the state at the time chapter 322, Laws 1899, went into effect, and the purchaser at the forfeited sale took the lands burdened with the requirements imposed by the then existing law.

In the present case, so far as the interests of the owner are concerned, it is necessary to go a step further, and consider whether or not the owner will lose any of the privileges guaranteed to him under the constitution and under the 1894 Statutes, if the Revised Laws of 1905 control the notice. Had the 1905 Statutes abolished the service of a notice, and provided that the state might unconditionally sell land which had been forfeited under prior tax sales, or had abridged the right of redemption as it formerly existed, such provisions would have been an infringement upon the vested property rights of the owner, and unconstitutional, under the decisions cited. But the right of redemption in case of sale was preserved and continued, and, although in a more technical and restricted form, the legislation was favorable, and not adverse, to the owner. The interest clause provided by the Revised Laws of 1905 is not in derogation of, nor a restriction upon, the owner's rights, all of which leads to the conclusion that we were mistaken in our former views, and that the notice was governed by the Revised Laws of 1905, instead of by the General Statutes of 1894.

The notice served was defective, in not stating that the amount required to redeem shall include interest, as provided by law, to the day of redemption. The act of 1902 read slightly different, and required the notice to state the rate of interest; but the omission was held fatal in Lawton v. Barker, 105 Minn. 102, 117 N. W. 249. We perceive no substantial difference in the statutes, and consider that decision final.

Reversed. Judgment ordered for appellants.