H. E. BROUGHTON *vs.* EUGENE SHERMAN.

April 10, 1875.

**Counterclaim—How to be Pleaded.**—To constitute new matter set up in an answer, a counterclaim, so as to require a reply, it must be pleaded as such, and so that, if true, the court must grant affirmative relief to the defendant upon it.

**Tax Deed—Prima facie Evidence of Title.**—A deed executed by the county auditor, upon a sale of land for taxes, under §§ 139, 140, ch. 11, Gen. Stat., it being shown that the lands were not redeemed from the sale, is *prima facie* evidence of title in the grantee, until impeached for irregularity in the prior proceedings.

Complaint under § 1, ch. 75, Gen. Stat., alleging plaintiff's ownership and possession of certain described real

estate, defendant's adverse claim of an estate, interest and title in and to such real estate, with a demand of judgment that plaintiff be barred of any claim thereto, etc. Answer admitting plaintiff's possession, but denying his ownership, and proceeding as follows : " Second. The defendant for further defence alleges that he is the owner in fee simple absolute of said premises. Third. And for a third and further defence, the defendant alleges," title in fee in himself under a tax deed. Judgment is demanded that the action be dismissed, and for costs. No reply was made. At the trial in the district court for Olmsted county, before *Mitchell*, J., without a jury, the plaintiff, having proved title in himself from the United States, rested ; whereupon defendant moved for a nonsuit, for the reason, among others, that the answer contains a counterclaim, and is admitted by a failure to reply. The motion was denied, and defendant excepted. The defendant then offered in evidence a tax deed of the land in question, and, in connection with the deed, proved that the land had not been redeemed from the alleged tax sale upon which the deed was issued, but offered no other evidence *dehors* the deed. On plaintiff's objection, the tax deed was excluded, the defendant excepting. Upon the judge's findings, judgment was ordered for plaintiff; a new trial was refused, and defendant appealed.

*Chas. M. Start*, for appellant.

*H. C. Butler*, for respondent.

GILFILLAN, C. J. Action under the statute to determine adverse claim to real estate. The answer denies plaintiff's title, and alleges title in the defendant, as a defence, not as a counterclaim, and asks no affirmative relief. To constitute new matter set up in the answer a counterclaim, so as to require a reply, it must be pleaded as such, and so that, if true, the court must grant affirmative relief to the defendant upon it.

To prove the allegations of his answer, defendant offered in evidence a deed executed to him by the county auditor of Olmsted county, upon a sale of the land for the taxes of

1866, and proved that the land was not redeemed from the tax sale. To this deed plaintiff objected. The objection, as it is stated in the bill of exceptions, was very indefinite; but it seems to make the point, and was so understood by the court below, that such a deed is no evidence, unless it be shown that all the proceedings anterior to and resulting in the deed were regular. It presents the question, when is a "tax deed" *prima facie* evidence of title, under the statute?

In *Greve* v. *Coffin*, 14 Minn. 345, the court held that "If a party wishes to rely upon such tax deed as *prima facie* evidence of title, he must show that the land sold had not been redeemed when the tax deed was executed and delivered." We are not disposed to go beyond that case in requiring a party to prove, in the first instance, facts in addition to the deed. Section 139, ch. 11, Gen. Stat., provides for the execution of the deed by the auditor. Section 140 provides that "the deed so made by the auditor shall vest in the grantee, his heirs or assigns, a good and valid title, both in law and equity, *and shall be received in all courts as prima facie evidence of a good and valid title in such grantee, his heirs and assigns.*" It was not necessary to declare, in this section, that the deed shall vest title in the grantee. That is covered by § 139. To give the deed the character of *prima facie* evidence is the real object of the section.

It is argued that the words "so made," in the first part of the section, mean, "made after compliance with all the previous requirements of law." This is true of the deed when it is spoken of as vesting title in the grantee. But to apply that meaning to the words of the section which make the deed *prima facie* evidence, would nullify those words, and really defeat the section; for a deed which is made after a compliance with all the prerequisites of the statute is conclusive evidence of title, and the words *prima facie* cannot apply to such a case. To make effectual the intention of the legislature that the deed shall be *prima facie*, such intention must be applied to cases where the deed is not con-

28

clusive ; that is, to cases where it is not proved that the prerequisites of the statute have been complied with. The object of the legislature was evidently to make the deed, of itself, valid, unless impeached for irregularity in the prior proceedings.

The order denying a new trial is reversed.