## Thomas Madland *vs.* Ole R. Benland.

### January 7, 1878.

**Tax Deed—When Regular upon its Face.**—A tax deed should recite the power upon which it is made, or, in other words, should recite enough to show authority to make it. A tax deed containing such recitals, and in other respects so made as to be operative as a deed at common law, is " regular upon its face."

**Same—Same—Deed held Regular—Laws 1873, c. 55, Construed.**—A certain tax deed involved in this case considered and held to be regular within the meaning of Laws 1873, *c.* 55.

**Same—Same—When Occupant may Recover Value of Improvements—Interest.**—The provisions of that chapter which allow an occupant of land to recover of a claimant of the same the value of improvements made by such occupant before notice of the defects in his title, or to retain possession of the land if they are not paid for, are constitutional; but the occupant is not entitled to recover interest upon the value of such improvements.

Same—Same—When Taxes and Assessments paid by Occupant are a Valid Charge Upon the Land.—The provisions of said chapter which require the claimant to pay all taxes and assessments paid upon the land by the occupant, which are a valid charge upon the same, are also constitutional.

Same—Same—When Provision Requiring Repayment of Purchase Money to Occupant is Unconstitutional.—The provision requiring the repayment, by the claimant to the occupant, of the purchase money paid by the latter for the land, with interest, *held*, unconstitutional, as applied to the facts of this case.

Same—Gen. St. c. 11, § 138, and Laws 1874, c. 1, § 168, Construed—When Deed Prima Facie Evidence of Title.—To make a tax deed properly framed *prima facie* evidence under Gen. St. *c.* 11, § 138, it is only necessary to show that the sale evidenced by the deed is directed by the state auditor. Tax deeds executed under said section 138 are *prima facie* evidence of title, the right to use the same as such being saved from the general repeal effected by Laws 1874, *c.* 1, § 168.

This action was brought in the district court for Houston county to recover possession of forty acres of land forfeited to the state for non-payment of taxes, and subsequently conveyed to the defendant by the auditor of said Houston county. The case was tried by *Page*, J., and a jury. The only evidence offered by the defendant to show his title to the land in question was the said deed executed by the auditor of Houston county. Under objection and exception the deed was admitted. The court charged that the jury must find the value of the improvements made upon the lands by the defendant, and to that value add interest at seven per cent. per annum from the time the improvements were made to the time of the trial. Also that they must find the amount paid by the defendant for the land at the time he received his official deed as therein stated, and to that amount they must add interest at the rate of seven per cent. per annum from the time of payment to the time of the trial. To this charge the plaintiff duly excepted. The jury rendered a verdict in accordance with the charge, and judgment having been entered thereon the plaintiff appealed.

*Lloyd Barber*, for appellant.

This law (Laws 1873, *c.* 55) is unconstitutional in so far as it requires the owner of the land to pay to the occupant the purchase money paid by the latter to the officer who sold the land. Constitution, art. 1, § 7; *Ames* v. *Log Driving Co.* 11 Mich. 147; *Taylor* v. *Porter*, 4 Hill, 145; *Wynehamer* v. *The People*, 13 N. Y. 378; *Rockwell* v. *Nearing*, 35 N. Y. 302. Neither can the owner be compelled to redeem the land from a void tax sale as a condition on which he may recover possession of the land from the purchaser at such sale. Cooley Con. Lim. 368, n. 2; *Conway* v. *Cable*, 37 Ill. 82; *Wilson* v. *McKenna*, 52 Ill. 44; *Hart* v. *Henderson*, 17 Mich. 218. Again, the allowance of interest upon the improvements was contrary to the provisions of the law, (Laws 1873, *c.* 55,) and deprived the plaintiff of his property without due process of law and without any compensation. The defendant was not entitled in any event to recover anything more for the improvements than the enhanced value of the land. *Pacquette* v. *Pickness*, 19 Wis. 235. Neither was the deed made by any person or officer empowered by any court to sell land, because there was no law in this state authorizing any county auditor to sell land at the time of the execution of the auditor's deed in evidence. Gen. St. *c.* 11, §§ 137, 138; Id. *c.* 38, § 2.

Finally, there was no evidence offered tending to show that the officer had any jurisdiction to make this sale. The defendant did not even pretend to show that the land had not been redeemed from the forfeiture. *Greve* v. *Coffin*, 14 Minn. 345. The deed alone was not *prima facie* evidence of a good and valid title, (Laws 1874, *c.* 1, § 168,) and was not, therefore, admissible in evidence for any purpose, without the proof of facts giving the auditor authority to make the sale. *McKee* v. *Lamberton*, 2 Watts & Serg. 114.

*R. A. Murray* and *W. H. Haines*, for respondent, argued that the law (Gen. Laws 1873, *c.* 55) was constitutional, (*McCoy* v. *Grandy*, 3 Ohio St. 463; Cooley on Taxes, 371,) and that the occupant was entitled to compensation for the

value of his lasting improvements to the land. *Neiswanger* v. *Gwynne*, 18 Ohio, 74; *Bank* v. *Dudley*, 2 Peters, 492.

BERRY, J. Section 1, c. 55, Laws 1873, enacts that "when any person has taken possession of any land under the official deed of any person or officer empowered by law, or by any court of competent jurisdiction to sell land, and such person has no actual notice of any defects invalidating such deed, and such deed is regular upon its face, neither such person nor his heirs  *  *  shall be ejected from such land except as hereinafter provided, until compensation is tendered him, or them, for all improvements which he or they may have made upon said land  *  *  *  previous to actual notice of defects invalidating the same." Section 2 provides that "in any action to try the title to land the occupant may, in addition to his other defences, allege the amount and value of all improvements made by himself, or those under whom he claims, and also the amount of all taxes and assessments paid upon such land by himself or those under whom he claims, and if the claim be under an official deed, the purchase money paid therefor. The claimant may reply, alleging the value of the premises without the improvements at the time of the commencement of the action, and also the value of the yearly rent of the land without the improvements during the possession of the occupant. In case the title is found to be in the claimant, the jury or court (in case the action is tried without a jury) shall assess the value of all improvements made, and all taxes and assessments paid upon the land by the occupant, or those under whom he claims, with interest at seven per cent.; and if his claim be under an official deed, regular upon its face, and without actual notice of any defect invalidating the same, shall also find the purchase money paid by him or those under whom he claims, with interest at seven per cent. The jury or court (in case of trial by the court) shall also assess the value of the land at the time of commencing the action, without the improvements, and also the value of the yearly rent thereof during the occupant's pos-

session." The act further provides that if the claimant succeeds in his action, and the occupant claims under an official deed as aforesaid, "execution for possession shall not issue unless within one year from the rendition of the verdict or the finding of the court the claimant pay into court, for the use of the occupant, the amount so found as the value of the improvements, and also the amount of the taxes or assessments, and also the purchase money, * * * with interest thereon as aforesaid, less the assessed value of the yearly rent of the land, without the improvements, during the occupant's possession."

In the case at bar the defendant (the occupant) claims under a tax deed made by the auditor of Houston county under Gen. St. *c.* 11, § 138. Under previous provisions of that chapter, lands delinquent for non-payment of taxes were offered for sale at public auction, and such as were not purchased by some person were "struck off to, and became forfeited to, the state." (§ 124.) At the expiration of two years from the date of forfeiture, lands so forfeited and not redeemed became "the absolute property of the state, without further act or ceremony whatever," and were subject to "be disposed of for cash at public or private sale, as the state auditor" might direct. (§ 137.) And by section 138, under which the deed in this case was made, upon the sale of any such lands by the state the county auditor of the county in which the lands lie is required to "execute a deed of conveyance thereof to the purchaser, which shall vest in the grantee, his heirs or assigns, a good and valid title in law and equity, and be *prima facie* evidence thereof in all the courts of this state."

Regularly a tax deed, being made in the execution of a power, should, in accordance with the general rule governing deeds of that character, recite the power under which it is made; or, as it may be better expressed, it should recite enough to show authority to make it. Cooley on Taxation, 353; Blackwell on Tax Titles, 365; *Call* v. *Dearborn*, 21 Wis. 510. A tax deed containing such recitals, and in other respects so

made as to be operative as a deed at common law, "is regular upon its face."

The tax deed relied upon by the defendant in this case was as follows: "Know all men, by these presents, that, whereas, the lands hereinafter described became duly forfeited to the state of Minnesota for non-payment of taxes duly assessed thereon, and remained unsold and unredeemed at the expiration of the period of redemption; and, whereas, under the provisions of sections 137, 156 and 157 of chapter 11 of the General Statutes, such lands therefore became, and were, and still remain the absolute property of said state, and subject to disposal at public or private sale under the direction of the state auditor; and, whereas, said auditor of state had determined and directed that said lands, and all lands subject to the provisions aforesaid, shall be sold at private sale for cash to the person making the highest offer therefor; and, whereas, Ole B. Benland, of the county of Houston, and state of Minnesota, did, on the twenty-second day of December, A. D. 1873, offer to purchase said lands and pay therefor the sum of $66.87, which offer was accepted, that being the highest offer for said lands, and said sum was duly paid to the county treasurer, and said Ole B. Benland thereupon became the purchaser of said lands, and entitled to a conveyance for the same: Now, therefore, I, J. H. Cooper, auditor of the county of Houston, for and in consideration of the said sum of $66.87, paid to said county treasurer, and by virtue of the statutes in such case made and provided, do hereby grant, bargain, sell and convey unto the said Ole B. Benland"—here follows description of the land in controversy, situate in Houston county, the *in testimonium* clause, the seal and signature of the auditor, etc., etc., in ordinary and regular form.

We think this deed is regular upon its face within the definition above given. The recital of forfeiture to the state is the recital of a composite or ultimate fact, which includes such facts of levy, assessment, delinquency, etc., as are necessary

to a valid forfeiture. This, together with the subsequent recitals, sufficiently shows a statutory authority to make the sale and deed.

When it appears that a person has taken possession of land under a deed thus regular upon its face, and executed by the proper county auditor, and such person has no actual notice of any defects invalidating the deed, a case is presented for the operation of the act of 1873, before cited. Such a deed is, in the language of that act, the official deed of an officer or person empowered by law to sell land.

The provisions of the act, which allow the occupant of the land to recover the value of his improvements which he has made before actual notice of the defects in his title, or to retain possession of the lands if they are not paid for, are, in our opinion, constitutional upon the ground suggested *arguendo* in commenting upon this very act in *Wilson v. Red Wing School District*, 22 Minn. 490, viz.: that "the legislature may make it the duty of the owner of the land to give notice of his title to one so taking possession, and impose upon the neglect of that duty the obligation to pay the value of the improvements, or part with his land for its value, without such improvements." The act does not allow interest upon the value of the improvements, as it is plain that it should not, since the occupant has the use of them. The claimant may also properly be required, as the act provides, to pay all taxes and assessments paid upon the land by the occupant or those under whom he claims; that is to say, all such taxes and assessments as are a valid charge upon the land. This requirement may justly be placed upon the ground that its effect is to allow one person to pay a tax levied upon the lan l of another, and to further allow the former to hold or to make such tax, with interest, a charge upon such land. This is, in effect, about the same thing as a transfer of the lien or charge of the state to the person paying such tax, and would appear to be entirely unobjectionable.

As to the provisions of the act requiring the repayment to

the occupant of the purchase money paid by him for the land with interest, we perceive no ground or equity upon which it can be defended as applied to the facts of this case. It certainly cannot be supported upon the ground upon which the right to be reimbursed for improvements rests. In its effect it appears to us to be in the nature of an act of confiscation. It not only requires the claimant to repay the sum, without reference to its amount, which the occupant has paid for the land, but to repay a sum from the payment of which he neither has received nor can receive any benefit, and this as a condition of recovering possession of his own land. We think the provision violates the constitution in that its effect is to deprive him of a right of property by a mere act of legislation, and without due process of law.

With reference to the preliminary proof required to make a tax deed *prima facie* evidence of title, it is to be noted that Gen. St. c. 11, § 138, under which the deed in question was made, differs in language from section 140, under which the deeds were made which were considered in *Greve* v. *Coffin*, 14 Minn. 345, and in *Broughton* v. *Sherman*, 21 Minn. 431. The former does not, like the latter, require it to be shown, as preliminary proof, that the land had not been redeemed when the tax deed was made. It reads thus: "Upon a sale of any such lands and lots by the state," the county auditor shall execute a deed, which shall be *prima facie* evidence, etc. To make a properly framed deed *prima facie* evidence under this section, it is only necessary to show that the sale was directed by the state auditor, as the deed will upon its face show whether the direction was carried out or not.

It is contended that by the repeal of Gen. St., c. 11, by Laws 1874, c. 1, § 168, tax deeds made under chapter 11, § 138, like that in question in this case, are no longer *prima facie* evidence of title. The reading of section 168 is that "chapter 11 of the General Statutes of this state, and all other acts, etc., etc., are hereby repealed, except that all rights heretofore acquired under any act hereby repealed shall not be

affected hereby." In our opinion the exception includes the right of the holder of a tax deed to avail himself of it as *prima facie* evidence of title. That this is not only a right, but that in very many cases it would be a highly valuable right, and one upon which his ability to support his title would wholly depend, is apparent.

This disposes of all the substantial and material points made in the case.

The trial in the district court was conducted, and judgment entered, upon a view of the law differing from that which we have above expressed, viz.: upon the basis that the purchase money paid by the defendant, and interest thereon, and interest upon the value of the improvements made by defendant, should be included in the amount which the plaintiff should pay in order to entitle him to possession of the property in dispute.

The judgment is therefore reversed, and a new trial directed.