SHEARER *v.* CORBIN.

CORBIN *v.* SHEARER.

*(Circuit Court, D. Minnesota.  September, 1880.)*

1. TITLE—PRIMA FACIE EVIDENCE—TAX DEED—RECITAL.—In Minnesota a tax deed is not *prima facie* evidence of title, unless it be first shown that the county auditor had authority to make the deed; and a mere recital in such deed that the state auditor directed the sale, will not be sufficient.

*Madland* v. *Benland,* 24 Minn. 372.

*Edward Webb,* for plaintiff.

*Charles N. Bell,* for defendant.

NELSON, D. J.  The suit first entitled is an action in ejectment, and to the complaint the defendant interposes a general denial, and also sets up specially, as a further defence, the proceedings which resulted in a sale of the land in controversy to the defendant's grantor for non-payment of taxes, and a tax deed, dated October 6, 1869, from the county auditor of the property claimed as forfeited by law to the state of Minnesota.  And as a further defence he alleges that his grantor, one Jaggers, went into possession under the tax deed, and remained in possession of the property until 1872, improving the same and paying the taxes thereon.  The reply puts in issue the material allegations.

In the suit second above entitled the complainant, by a bill in equity, seeks, among other things, to recover for improvements and expenses necessarily incurred in his occupancy of the land.  Both suits, by stipulation, are tried to the court, a jury trial being waived in the ejectment suit.  The

bill contains sufficient equity to sustain a recovery for taxes paid and improvements, and the parties have stipulated as to the amount. The success of the plaintiff in that suit must be determined by the action at law. The plaintiff in the first action must recover, if at all, on the strength of his legal title.

The case turns upon the effect of the tax deed to the defendant's grantor. The plaintiff proved his title by patent and successive deeds under it, down to himself, and he is entitled to recover the possession of the property, unless the tax deed, without further preliminary proof, is *prima facie* evidence of title in Jaggers. Gen. St., *c.* 11, § 124, in substance provides that when lands, delinquent for non-payment of taxes, are offered for sale at public auction, "and not purchased by any person, * * * shall be struck off to and become forfeited to the state;" and section 137, that at the expiration of two years from the date of forfeiture lands so forfeited and not redeemed become "the absolute property of the state, without further act or ceremony whatever," and were subject to "be disposed of for cash, at public or private sale, as the state auditor might direct;" and section 138, under which the county auditor executed the deed to the defendant's grantor, and which he claims vests the title in him, provides that, "upon the sale of any such land or lots by the state, the county auditor of the county in which the lands lie shall execute a deed of conveyance thereof to the purchaser, which shall vest in the grantee, his heirs or assigns, a good and valid title in law and equity, and be *prima facie* evidence thereof in all the courts of this state."

The jurisdiction of the county auditor, or his power to execute "a deed" which should vest "a good and legal title," and be *prima facie* evidence of the same, depends upon a sale directed by the state auditor. I think the settled authority in this state, under the statute urged by the defendant, and similar legislative enactments, where the facts specially relied on are pleaded, is that the person relying upon the tax deed as *prima facie evidence* of title must first prove the county auditor had authority to make the deed;

and the recital in the deed, that the state auditor directed the sale, is not sufficient.

The opinion of the supreme court, (24 Minn. 376,) as I understand it, determines that the statute makes the tax deed *prima facie* evidence of title upon a sale by the state which is shown by proof (not recitals in the deed itself) to have been directed by the state auditor; and that the deed, which is evidence of a good and valid title, is declared to be evidence only of such title after the right to give the deed has been proved. The state claimed the land as forfeited, and it was so entered. The county auditor, until the state auditor directed the land to be sold, had no power to sell to Jaggers; and until the defendant proved the power to sell emanated from the state auditor, the deed executed to Jaggers could not be received as *prima facie* evidence of title. 24 Minn. 372. If I am right in this conclusion, the plaintiff is entitled to recover.