# JOHN C. PETERSON v. ST. PAUL REAL ESTATE & INVESTMENT COMPANY.[1]

July 28, 1911.

Nos. 17,194, 17,195—(240, 241).

**Land forfeited to state — effect of Governor's deed.**

> The Governor's deed, provided by section 938, R. L. 1905, to lands unredeemed and forfeited to the state, when valid upon its face, constitutes prima facie evidence of title in the grantee.

**Redemption from tax sale — notice void.**

> A notice of expiration of time for redemption stated that the tax sale was held on the fourteenth day of November, 1906, and that the amount required to redeem from the tax sale should draw interest at the rate of twelve per cent. per annum from the fourteenth day of November, 1909. *Held*, the discrepancy in the date was a fatal defect, and the notice was void.

Action in the district court for Ramsey county to adjudge plaintiff to be the owner in fee simple of three certain city lots, and to

.· [1]Reported in 132 N. W. 273.

quiet his title thereto; that if, for any reason, his title to the premises should appear to the court to be invalid, the court might ascertain the amount of all taxes, interest, penalties and costs embraced in the tax certificate or certificates, and of all subsequent taxes, penalties, interest or costs paid by him or his assignors, with interest thereon at the rate of twelve per cent. per annum, from the date of the respective payments, and that the amount thus ascertained be adjudged to be a lien upon the premises and that they be sold by this court, or under its direction, to satisfy said lien and the judgment entered therefor together with costs of the action and the costs of sale. The answer alleged that defendant was the owner in fee simple of the lots. The case was tried before Kelly, J., who made findings of fact and ordered judgment in favor of plaintiff. From that part of an order granting defendant company's motion for a new trial so far as it affected lot 27, block 4, Cliftondale, Ramsey county, Minnesota, plaintiff appealed. From that part of an order denying a new trial as to lot 28, block 4, and lot 26, block 5, defendant St. Paul Real Estate & Investment Company appealed. Affirmed on both appeals.

*William G. White,* for plaintiff.

*Walter L. Chapin,* for defendant St. Paul Real Estate & Investment Company.

LEWIS, J.

This is an action to quiet title to lots 27 and 28, of block 4, and lot 26, of block 5, in Cliftondale, Ramsey county. Plaintiff claimed by tax title, and the defendant was the owner in fee; but the premises were vacant and unoccupied. The district court ordered judgment for the plaintiff as to all of the lots, but granted a motion of defendant for a new trial as to lot 27 in block 4, from which the plaintiff appealed, and denied the motion for a new trial as to lot 28 in block 4 and lot 26 in block 5, from which the defendant appealed.

### Defendant's Appeal.

Plaintiff introduced in evidence the deed from the Governor of the state, purporting to convey to the plaintiff the lots in question

as having been forfeited to the state. The defendant objected to the introduction of the deed and to the ruling admitting it. The plaintiff then rested, and the defendant moved to dismiss plaintiff's case, on the ground that no title had been proved. The motion was denied, and the only question presented by the appeal is whether or not the deed was admissible as prima facie evidence that the title vested in the plaintiff.

The early case of Greve v. Coffin, 14 Minn. 263 (345), 100 Am. Dec. 229, held that under sections 139 and 140, c. 11, p. 186, G. S. 1866, a tax deed was not prima facie evidence of title, except upon proof that the land had not been redeemed at the time it was made. This was followed in Sheehy v. Hinds, 27 Minn. 259, 6 N. W. 781.

The distinction between the provisions of sections 138, 139, and 140, with respect to the probative force of a tax deed, was pointed out in the case of Madland v. Benland, 24 Minn. 372. Section 137 provided that every tract or lot forfeited to the state and not redeemed became the absolute property of the state, and could be disposed of at public or private sale as the state auditor might direct, and section 138 provided that the deed executed to a purchaser should vest in him, his heirs or assigns, a good and valid title in law and equity, and be prima facie evidence thereof in all the courts of this state. The deed considered in Madland v. Benland, supra, was a deed executed by authority of these sections, and it was held that, to make such a deed prima facie evidence, it was only necessary to show that the sale evidenced by the deed was directed by the state auditor. Attention was called to the fact that the deed considered in Greve v. Coffin was executed under the provisions of sections 139 and 140. Section 139 provided that at any time after the expiration of the period of redemption, if the land or lot had not been redeemed, the county auditor should, on request and on production of the certificate of purchase, execute and deliver to the purchaser, his heirs or assigns, as the case might be, a deed of conveyance of the tract.

These cases were referred to in Bonham v. Weymouth, 39 Minn. 92, 38 N. W. 805, where the former was followed, and it was held

that a tax deed of forfeited land executed under section 138, c. 11, G. S. 1866, was not prima facie evidence of title, without preliminary proof aliunde the deed of authority from the state auditor to the county auditor to make the sale recited in the deed.

We are not aware of any other decision directly bearing upon this question prior to the adoption of Revised Laws of 1905; but, except as above stated, it has generally been assumed that a tax deed is prima facie evidence of the facts recited. Dunnell, Tax Laws, § 555.

In the case of Hage v. St. Paul Land & Mortgage Co. 107 Minn. 350, 120 N. W. 298, the land had become forfeited to the state, and was sold in November, 1906, for the delinquent taxes of 1896 to 1905, inclusive, for an amount less than the total taxes charged against the land, excluding penalties, costs, and interest. The right of redemption had been eliminated by notice and a Governor's deed executed. It was held that under sections 938 and 940, R. L. 1905, the tax deed was valid as against the objection that the premises were sold for a less amount than the total taxes charged against the land, excluding penalties, costs, and interest. In the course of the opinion it was said that the land forfeited to the state became its own property, and that it had the right to determine on what conditions it would dispose of the property, that it made that determination by the Revised Laws of 1905, and that the effect of section 938 was that the Governor's deed of forfeited lands should vest the grantee with complete title, subject only to the defense that the tract or parcel was exempt from taxation, or that the taxes for which said tract or parcel was sold had been paid.

What is said in the Hage case with reference to the limitation of the defenses open to the owner is not in conflict with Johnson v. Fraser, 112 Minn. 126, 127 N. W. 474, 128 N. W. 676, where we held that the deed did not cut off the right to prove failure to serve notice of expiration of redemption. The Hage case is decisive of the question here involved, however, that it was the intention of the legislature to provide that a Governor's deed issued under the provisions of section 938, R. L. 1905, is prima facie evidence of the facts recited. We see no good reason why that decision should not stand,

and we hold that it was not necessary for the plaintiff to make preliminary proof that the notice of expiration for redemption had been given.

The deed in question recites that the land had been duly forfeited to the state for nonpayment of taxes; that the land was sold by the state as unredeemed land, pursuant to law and after due notice duly given, that three certificates of such sale in the form prescribed by the attorney general were duly issued to John C. Peterson, the purchaser thereof, at said sale, that the purchaser had duly applied for and procured notice of the expiration of redemption, duly certified the same as required by law, that the time of redemption as provided by statute thereafter duly expired, and that the property was not redeemed. This is a sufficient recital of the several steps leading up to the notice.

Whatever distinction may have existed between the effect of a Governor's deed and certificates of purchase referred to in section 940, R. L. of 1905, has been swept away by the enactment of chapter 245, p. 343, Laws of 1911, passed after the trial of this action. By that chapter it is provided that certificates and deeds issued pursuant to sections 929, 935, 937, and 938, or the record thereof, shall be prima facie evidence of the preliminary matters leading up to its execution.

### Plaintiff's Appeal.

The trial court granted defendant's motion for a new trial as to lot 27 of block 4, upon the ground that the notice of the expiration of the time for redemption was defective, which fact had been overlooked at the trial. The plaintiff insists that defendant was not entitled to a new trial, even if the notice was defective, upon the ground that the record shows that the notice was never received in evidence.

From the court's memorandum and the record it appears that the defendant endeavored to prove that no proper notice of expiration of redemption had been given, and, after offering in evidence four notices claimed to apply to the lots in dispute, he failed to follow it up with the names of the parties in whose names the lands were assessed, and the case was argued and submitted apparently upon the

sole question as to whether the state's forfeited tax deed constituted prima facie evidence of title. It is apparent that the trial court considered that the redemption notice had been received in evidence, although the record does not show it, and the only reason for considering it insufficient was the fact that the proof did not go far enough. Under such circumstances we cannot hold that the order granting a new trial should be reversed simply upon that ground.

The notice of expiration of the time of redemption stated that on the fourteenth day of November, 1906, the land was sold and conveyed by the county auditor for the sum of $10.92, and that the amount required to redeem "said piece or parcel of land from said tax sale, exclusive of the costs to accrue upon said notice, is the sum of ten dollars and ninety-two cents, and interest at the rate of 12 per cent. per annum on $10.92, from said 14th day of November, 1909, to the day such redemption is made." The notice was attacked upon the ground that interest runs from November 14, 1909, instead of November 14, 1906. We think the case is governed by the principle, so often announced in the decisions of this court, that redemption notices are the last step in the proceedings to take property from the owner for nonpayment of taxes, and by which his title is divested, and the requirement of the statutes must be strictly complied with. Although the difference in the interest in this case would be for the benefit of the redemptioner, that does not excuse the omission to make the notice contain an exact statement of the amount required to redeem. Lawton v. Barker, 105 Minn. 102, 117 N. W. 249; Shine v. Olson, 110 Minn. 44, 124 N. W. 452; Johnson v. Fraser, 112 Minn. 126, 127 N. W. 474, 128 N. W. 676.

Affirmed on both appeals.