## GEORGE W. HOLLAND v. D. W. BILLINGS and Others.[1]

November 24, 1911.

Nos. 17,242—(95).

**Notice of expiration of redemption void.**
> A published notice of expiration of redemption was void, which stated that the interest ran from the sixteenth day of November, 1008, instead of the year of the sale, 1908.

Action in the district court for Crow Wing county to determine adverse claims to certain vacant real property. The separate answers of S. Dwight Lathrop, Jennie Keithly, Mary E. Neddermeyer and Alice E. Wright alleged that they were the sole surviving heirs-at-law of, and devisees under, the last will of Seth Lathrop, deceased; that they owned an undivided half interest in one tract described in the complaint, but denied that they had any interest in or lien upon the other tract described therein; and prayed that they be decreed to be the owners of the former tract free from any claim or lien of plaintiff. The reply denied defendants' ownership in the tract claimed, and alleged that on and prior to August 20, 1883, the fee title to the land described was in the United States; that by its patent made

[1] Reported in 133 N. W. 399.

and delivered on that date it conveyed to Charles E. Smith and William E. Seelye the fee title to the whole of the land; that thereafter Smith and his wife conveyed their interest by deed to Seth Lathrop; that on March 21, 1901, judgment was entered against the property for delinquent taxes, and at the tax sale in May, 1901, the premises were bid in by the state of Minnesota; that after more than three years, no redemption having been made, it was sold at public auction in November, 1908, to plaintiff to satisfy the judgment; that thereafter a Governor's deed of the premises was issued to the plaintiff on November 15, 1909; that said Seelye and his wife delivered to plaintiff their deed to an undivided half interest in the land; that plaintiff paid $20.40 for the premises, and various other expenses, and prayed that these amounts be declared to be a lien against the premises in case defendants were declared the owners of the undivided one-half of the premises.

The case was tried before McClenahan, J., who made findings and as conclusions of law found that defendants had been divested of their title by the sale to the plaintiff and that he was the owner of the tract. From an order denying defendants' motion for a new trial, they appealed. Reversed.

*Edwin C. Garrigues,* for appellants.
*J. H. Warner,* for respondent.

LEWIS, J.

The original notice of expiration of redemption was substantially in compliance with the requirements of section 956, R. L. 1905, and in addition thereto it contained certain recitals which were not required by said section. We discover nothing misleading in this respect, and the notice cannot be declared void on that ground.

But the notice as published contained many typographical errors, one of which, at least, was fatal. The sale took place on the sixteenth day of November, 1908, and that portion of the notice as published, necessary for present purposes, reads: "That exclusive of the costs to accrue on this notice the amount required to redeem said land from said sale last above mentioned is $20.40, and interest thereon as provided by law after the said 16th day of November, A. D. 1008,

up to the day of said redemption." It is not permissible to arrive at the true date by looking at other parts of the notice. The actual date from which interest is to be computed must be stated. Lawton v. Barker, 105 Minn. 102, 117 N. W. 249. A date which is obviously impossible is no date. A similar notice was declared void in Peterson v. St. Paul Real Estate & Inv. Co. 115 Minn. 333, 132 N. W. 273.

Reversed.