## ERICK SWANSON v. S. C. CAMPBELL and Another.[1]

March 12, 1915.

Nos. 19,069—(268).

**Sale for taxes — Governor's deed.**

1. The authority of the Governor of the state to execute a forfeited tax sale deed, under the provisions of section 2127, G. S. 1913, is dependent wholly upon the question whether the time of redemption from the sale has expired.

**Same — notice of redemption.**

2. The deed when executed is not conclusive that the time of redemption had expired, and the owner of the land may show that no notice of expiration of redemption had in fact been given, and therefore that the time to redeem had not expired.

**Service of notice on resident by publication.**

3. Where the owner of the land, being the person in whose name it was assessed for taxation and to whom the notice of expiration of redemption was directed, is in fact a resident of the county, the service of the notice by publication is a nullity.

**Return of sheriff not conclusive.**

4. The return of the sheriff upon such notice that the person to whom the notice was so directed could not be found in the county, is not conclusive, but may be rebutted and overcome by clear and satisfactory evidence.

Action in the district court for Hennepin county to determine adverse claims to unoccupied real estate. The case was tried before Hale, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judg-

1 Reported in 151 N. W. 534.

ment, defendant S. C. Campbell appealed. Reversed and new trial granted.

*Roberts & Strong* and *W. S. Chase,* for appellants.

*Colfax Grant,* for respondent.

BROWN, C. J.

The real property involved in this action, situated in Hennepin county, in proceedings to enforce the payment of delinquent taxes assessed against it for the year 1897, was duly offered for sale at the regular tax sale on May 2, 1899, and there being no bidders the same was sold to the state, in the manner and as required by statute in such cases provided. No redemption was ever made, and on the thirteenth day of November, 1911, at a forfeited tax sale held under and pursuant to section 2127, G. S. 1913, the land was duly sold to Colfax Grant as authorized by that statute. Thereafter Grant caused to be issued a notice of expiration of redemption in compliance with section 2129, which was delivered to the sheriff of the county for service. The sheriff returned the notice with his indorsement thereon that he was unable to find the person to whom it was directed, defendant herein, within the county. The notice was thereafter published as provided by section 2148, G. S. 1913. No redemption was made and Grant applied to the Governor of the state who, acting under section 2129, issued to him a deed to the land. Grant subsequently conveyed to plaintiff, who thereafter brought this action to determine the adverse claims of defendants. Plaintiff's title to the land rests wholly in the Governor's deed, issued in the manner stated. Defendants sought to show in defense to the action that the notice of expiration of redemption was not served as required by statute (section 2148), that the time for redemption had not therefore expired at the time the Governor issued the deed, and that his act in executing the deed was unauthorized. The contention that the notice was not properly served was founded on the claim that defendant S. C. Campbell, the owner of the land and to whom the notice was directed, was an actual resident of the county, had been such for many years, and was not absent therefrom at the

time the sheriff was in the possession of the notice for service.    Judgment was ordered and entered for plaintiff, and defendant appealed.

The two questions presented are: (1) Whether in an action to quiet title to land, the title of plaintiff being founded on a Governor's deed, issued by the authority and as herein stated, defendant may defeat the deed by a showing that notice of the expiration of the time to redeem from the sale under which the deed was issued, was not served as required by law, and (2) if the deed may be so defeated, does the evidence show a failure to make such service.

The trial court expressed doubts as to the first question, but held that the evidence was insufficient to show that the notice of redemption was not legally served.

1. Many tracts of land offered for sale at the annual tax sale are, for the want of bidders, struck off to or bid in for the state, and, unless the rights of the state be assigned as provided for by section 2126, G. S. 1913, the title thereby acquired, where no redemption is made, becomes vested in the state.    The purpose of the taxation, not being the acquisition of property by the state, but the revenue sought to be thus raised, the state has recognized, notwithstanding such sale and the passing of the time for redemption, a remaining interest in the property owner, which in justice and equity he ought to be given the opportunity to protect.    To this end section 2127, G. S. 1913, provides for a forfeited sale of all lands held by the state in the manner herein stated, and thereby grants and offers to the property owner a final opportunity to protect his property by redemption.    The purchaser at this sale is required to give the usual notice of expiration of redemption, and the property owner is given 60 days after service thereof in which to make redemption. If no redemption is made the purchaser is entitled to a Governor's deed and his title becomes absolute.    The statute provides, so far as here material, that

"Upon the expiration of such redemption period, upon presentation of such certificate to the Governor, he shall be authorized to execute a deed in the name of the state to the person entitled thereto, conveying the lands therein described, and every such deed shall vest the grantee with complete title to such lands, subject to the defenses that the tract or parcel was exempt from taxation, or that the taxes, for

which such tract or parcel was sold at said tax sale, had been paid."
[Section 2129.]

It is contended by plaintiff that the Governor's deed is conclusive that all requirements of the statutes essential to the authority to issue the same, including a valid notice of expiration of redemption and the service thereof, were complied with, and that the deed is free from attack save on the two grounds stated in the statute, namely, that the taxes had been paid, or that the land was exempt from taxation. We do not concur in this contention. No doubt the Governor's deed is *prima facie* evidence that the statutes were in all things complied with (Peterson v. St. Paul Real Estate & Inv. Co. 115 Minn. 333, 336, 132 N. W. 273), but it is clearly not conclusive upon the question here presented, namely, whether a valid notice of redemption was issued and served as required by law. The issuance of this notice and the proper service thereof is made by the statute a condition precedent to the authority of the Governor to execute the deed. The statute reads that "upon the expiration of such redemption period," the Governor may execute the deed. The proceedings before the Governor in the procurement of the deed are wholly *ex parte,* and the property owner is at no time afforded an opportunity to contest the question whether a notice of expiration of redemption has been issued or served. The Governor is wholly without authority to execute the deed until after the notice has been properly served, for until it has been served the right of redemption still exists. The situation is wholly unlike the general tax proceedings, which are declared presumptively correct after sale, for in such case the landowner is given an opportunity at an appropriate stage of the proceedings to raise any and all objections to the validity thereof, and fully to protect his rights. And if it be held that the Governor's deed is conclusive of title in the grantee therein named, then the owner is precluded from ever contesting or being heard upon the question whether the time of redemption had expired. In view of this situation and the statutory prerequisite to the execution of the deed, we hold that the owner of the land may in defense of rights asserted under the deed show that the proper notice was not served. This seems clearly in line with prior decisions upon

analogous statutes, as well as upon the statute here in question. Peterson v. St. Paul Real Estate & Inv. Co. 115 Minn. 333, 336, 132 N. W. 273; Johnson v. Fraser, 112 Minn. 126, 127 N. W. 474, 128 N. W. 676; Greve v. Coffin, 14 Minn. 263 (345), 100 Am. Dec. 229; Bonham v. Weymouth, 39 Minn. 92, 38 N. W. 805; 1 Notes on Minnesota Reports, 579. It is probable that the clause of the statute by which it is declared that the deed shall vest in the grantee complete title, "subject to the defenses that the taxes had been paid, or that the land was exempt from taxation," precludes the right to interpose defenses going to the regularity of the forfeited sale proceedings. Hage v. St. Paul Land & Mortgage Co. 107 Minn. 350, 120 N. W. 298; Minnesota Debenture Co. v. Scott, 106 Minn. 32, 119 N. W. 391. But the objection here made, that no notice of redemption was given, does not go merely to the regularity of the proceedings, but to the authority of the Governor to act. And, as such authority is dependent upon the service of the notice and the expiration of redemption, it may be shown that by reason of the failure to serve the notice no authority was vested in the Governor to execute the deed.

2. The notice of expiration of redemption was duly issued and delivered to the sheriff for service, who returned thereon that defendant, the owner of the property and the person to whom it was directed, could not be found in the county, and that the premises were vacant and unoccupied. Whereupon the notice was served by publication. The right of the landowner to dispute this return, under the statute here involved, follows as a necessary conclusion from the decision that the Governor's deed is not conclusive that the right of redemption had expired. That the officer's return is not conclusive is equally clear, (Reiner v. Newel, 47 Minn. 237, 49 N. W. 865), though it should be set aside only upon clear and satisfactory evidence of its falsity. 2 Dunnell, Minn. Dig. § 7817. It is also clear that if defendant, at the time of the issuance of the notice was, and thereafter continued to be an actual resident of the county, the service of the notice of expiration of redemption by publication was a nullity. Bardwell v. Collins, 44 Minn. 97, 46 N. W. 315, 9 L.R.A. 152, 20 Am. St. 547. We have therefore only

to consider whether the evidence was sufficient to overcome the sheriff's return that defendant could not be found in the county. Upon this question we find no conflict in the evidence. Defendant testified that he had been an actual resident of the county for about 18 years, or since the year 1885. That at the time the notice of redemption was issued and at the date of the sheriff's return he resided with his family at the village of Hopkins, in Hennepin county, and within one-half mile of the land in question. He also testified that he was not outside the county during the time stated, and had not been since he commenced his residence therein except for an occasional trip to St. Paul, in the adjoining county of Ramsey. In the face of this uncontradicted evidence we are clear that the force of the sheriff's return was sufficiently overcome, and that the fact should have been found accordingly.

3. The further contention of plaintiff that defendant wholly failed to show that he was the owner of the land, or otherwise entitled to protect the title to the same, is not sustained. The cause was tried below upon the theory that he was such owner; in fact he was brought into court because he claimed to be the owner, or to have some interest in the land. The absence of record evidence of title is therefore not fatal to his right to be heard on this appeal, or to raise the questions presented and decided. Plaintiff must stand or fall upon the strength of his own title.

Order reversed and cause remanded for a new trial.